WILLIAM M. BRYSON, JR. and LYNN B. BRYSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILLIAM M. BRYSON, JR. Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bryson v. Commissioner
Docket Nos. 3741-78, 3808-78
United States Tax Court
T.C. Memo 1982-424; 1982 Tax Ct. Memo LEXIS 321; 44 T.C.M. (CCH) 602; T.C.M. (RIA) 82424; July 27, 1982. William M. Bryson, Jr. pro se. J. Michael Melvin, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Taxable
Additions to Tax
Year
Deficiency
under Sec. 6653(a)
1973
$2,201.51
$110.07
1974
566.52
[1] 28.32
*322 The issues presented for our decision are: (1) Whether a loss sustained by petitioner in 1973 from stock car racing activities is allowable under section 183; (2) Whether petitioner incurred a capital loss in connection with the expiration of an option on real property in 1973; and (3) Whether or not petitioner is entitled to interest and medical expense deductions beyond that allowed by respondent in both 1973 and 1974. [2]
FINDINGS OF FACT Petitioners, William M. Bryson, Jr. and Lynn B. Bryson, resided at Route One, Westminister, South Carolina at the time their petition was filed. At the date of trial, petitioners resided at 714 Evelyn Drive, Seneca, South Carolina. Petitioner William M. Bryson, Jr. filed his 1973 Federal income tax return with the Internal Revenue Service Center, Southeast Region, Chamblee, Georgia. Petitioners William M. Bryson, Jr. and Lynn B. Bryson filed their joint Federal 1974 tax return with the Internal *323 Revenue Service Center, Southeast Region, Chamblee, Georgia. [3] The following deductions were put in issue for these years: Year
Claimed
Disallowed
1973
Medical & Dental expenses
$1,181.00
$1,181.00
Interest expense
2,354.05
2,354.05
Real estate loss
1,038.00
1,038.00
Stock car racing loss
3,896.73
3,896.73
1974
Medical & Dental expenses
806.53
806.53
Interest expense
2,826.73
2,826.73
On the basis of substantiation furnished by petitioner, respondent now concedes $2,148.78 of the interest expense claimed for 1973, and $967.27 of the interest expense claimed during 1974. During 1973 and through the middle of the year 1974, petitioner William M. Bryson, Jr. was employed by the Internal Revenue Service as an agent. During 1973, petitioner was enrolled in the Service Benefit Plan, self and family high option (Code 102) offered to Federal employees by Blue Cross-Blue Shield. During the period from January 1, 1974 to July 3, 1974, petitioner was enrolled in the *324 Service Benefit Plan, self and family low option (Code 105) offered to Federal employees by Blue Cross-Blue Shield. During 1973, petitioner purchased an automobile to use in stock car racing. Petitioner drove a car in stock car races during 1966, and during that year it was his only source of income. Stock car racers realize income through securing sponsors and winning prizes. Most of the races are conducted on week-ends, and petitioner hoped to augment his income from his job with the Federal Government through his racing activities on week-ends. Petitioner submitted an outside business request to his employer before he started the racing activity. He also secured professional advice from an individual with expertise in the car racing business. Petitioner ceased racing his own stock car in 1973 as a result of an accident that completely destroyed his car. However, petitioner did drive for another person for compensation in 1975. On January 27, 1973, petitioner entered into a contract with Sheldon Rimer, giving petitioner the right to purchase real property for $150,000. For the acquisition of this right petitioner paid Mr. Rimer $1,000 by check of January 27, 1973. *325 The option ran for a period of 60 days pursuant to the contract, and was on property about 4 miles north of Laurens, South Carolina. Petitioner had difficulty securing financing for the property and allowed the option to expire without being exercised. OPINION The issues we must decide are purely factual. We begin with the loss in 1973 relating to petitioner's stock car racing activities. It is clear from the record that petitioner purchased a car suitable for stock car racing in 1973, and that he incurred substantial repairs in connection with that car. We believe it is equally clear that he raced the car during a period in 1973 and that he ultimately withdrew from racing activities during that year due to the destruction of his car. We do not understand respondent to seriously disagree that these events occurred. However, respondent does contend that these activities were not incurred in an activity engaged in for profit and thus the losses attributable thereto are not allowable. See section 183. [4]
We recently reviewed in some detail the criteria for applying section 183 in Dreicer v. Commissioner,78 T.C. 642 (1982), *326 on appeal (D.C. Cir., June 1, 1982). [5] In Dreicer, we held that the standard for applying section 183 is whether petitioner had "an actual and honest profit objective." 78 T.C. 645. The regulations list a series of factors that bear on this determination and the cases have found these factors both relevant and helpful. However, in the final analysis, whether an activity is engaged in for profit must be determined on the basis of all the facts and circumstances. [6]
On the record before us, we find for petitioner. Petitioner has some expertise and experience in racing, and also consulted an expert before undertaking the enterprise. He also had prior and subsequent experience as a race car driver for remuneration. Petitioner spent considerable time and effort to make the venture successful, and conducted the activity in a manner suggesting a profit motive. *327 Petitioner does not have a record of large expenditures and consistent losses over a period of years, and while he derived some pleasure from that activity the hope of profit appears to have been his principal objective. The record is not as complete as we would like for petitioner appeared prose and his success as a lawyer is about the same as it was as a race car driver. Nevertheless, he has made the essential turns, and we find that he had "an actual and honest profit objective." Driecer v. Commissioner,supra.
With regard to petitioner's loss on the option contract, it is clear that petitioner entered into a written contract for a cost of $1,000, giving him the option to purchase property near Laurens, South Carolina, for a 60-day period. Respondent does not contend that the underlying property was not a capital asset in petitioner's hands, or that the loss would not be allowable under section 165. Rather respondent in his trial memorandum and during the trial, confined his objections to the contention that petitioner had failed to establish that a contract was entered into or allowed to expire. The contract introduced in evidence, as well as petitioner's *328 testimony, convince us that a contract was entered into for specific property close to Laurens, South Carolina, and that the option was allowed to expire. [7]
Section 1234 provides that gain or loss attributable to the failure to exercise an option to buy property shall be considered by reference to the character of the property to which the option relates. [8] Respondent does not contend that the rural property petitioner had an option to acquire would be anything other than a capital asset in petitioner's hands had he exercised the option. Additionally, respondent does not contend that the loss on the transaction is disallowed under any other section of the Code. Since petitioner clearly entered into the contract in question for the consideration specified, and since *329 we believe his testimony that the option was allowed to expire when he was unable to acquire financing, we decide this issue for petitioner. Petitioner's claim for medical expenses and additional interest expenses are another matter. As to the medical expenses, petitioner introduced a number of checks made out to drug stores and different physicians. *330 As to the checks to drug stores, it is sometimes impossible to determine the nature of the merchandise purchased or for whom it was purchased. More seriously, petitioner was covered by comprehensive health insurance pursuant to his job with the Federal Government during much of this period, and many of these expenses would have been reimbursable. Petitioner provided no information on claims submitted to Blue Cross-Blue Shield for reimbursement, any denials of claims submitted, or any information about reimbursements he received. In particular, we did not believe his claim that certain expenses related to back surgery and were not paid in any way by Blue Cross-Blue Shield. Much the same may be said about the interest expense deductions. Petitioner provided scanty documentation that is wholly inadequate to justify anything more than the amounts respondent allowed. Accordingly, we decide these issues for respondent. Decisions will be entered under Rule 155.
Footnotes
1. William M. Bryson, Jr. filed his return on an individual basis for 1973 and is the petitioner in dkt. No. 3808-78. William B. Bryson, Jr. and Lynn B. Bryson filed a joint return for 1974 and are petitioners in dkt. No. 3741-78.↩
2. At trial, an issue was raised concerning an additional deduction of $62 for state and local gasoline taxes beyond that allowed by respondent for 1973. No evidence was introduced on this issue, and it therefore is decided for respondent.↩
3. Since Lynn B. Bryson is a petitioner by virtue of filing a joint return in 1974, we will hereafter use the term petitioner to refer to William M. Bryson, Jr.↩
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. Our earlier Memorandum Opinion was reversed and remanded in Dreicer v. Commissioner,665 F.2d 1292↩ (D.C. Cir. 1981). 6. See sec. 1.183-2(b), Income Tax Regs.↩
7. Petitioner also claims a deduction of $38 for the cost of a flight taken with his brother to inspect the property. However, other than a check written to his brother, there is no convincing evidence in the record that this amount was expended for that purpose and we disallow this $38 item as a portion of his loss.↩
8. SEC. 1234. OPTIONS TO BUY OR SELL. (a) Treatment of Gain or Loss in the Case of the Purchaser.-- (1) General rule.--Gain or loss attributable to the sale or exchange of, or loss attributable to failure to exercise, an option to buy or sell property shall be considered gain or loss from the sale or exchange of property which has the same character as the property to which the option relates has in the hands of the taxpayer (or would have in the hands of the taxpayer if acquired by him). (2) Special rule for loss attributable to failure to exercise option.--For purposes of paragraph (1), if loss is attributable to failure to exercise an option, the option shall be deemed to have been sold or exchanged on the day it expired.↩