ROBERT E. EVANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 23227-86.
United States Tax Court
T.C. Memo 1988-216; 1988 Tax Ct. Memo LEXIS 244; 55 T.C.M. (CCH) 862; T.C.M. (RIA) 88216; May 16, 1988
Robert E. Evans, pro se. Steven Staker, for the respondent. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. [1]
Respondent determined a deficiency in income tax for the taxable year 1983 in the amount of $ 6,531.00. The issues for decision are: (1) whether petitioner's car racing activity was engaged in for profit; (2) whether petitioner is entitled to a deduction of $ 3,515 in connection with a boat; and (3) whether petitioner can substantiate away from home expenses of $ 5,775.00. Some of the facts *246 have been stipulated and are accordingly incorporated herein by reference. At the time of the filing of the petition, petitioner resided in Anaheim, CA. Ever since he was a youth petitioner was interested in automobile racing. He had some experience going to race tracks and working in other racers' pit crews. In either 1980 or 1981 petitioner decided that he could be a race car driver. He traded in his "street car" for an old race car and tried to enter a race in Bakersfield, CA. The purse for that race was around $ 2,000.00. However petitioner was misinformed about the gear ratio and was unable to compete. In his next race his motor blew up and it took a long time for petitioner to get enough money to rebuild the motor and return to the track. Between 1980 and early 1983 petitioner thus entered only three or four races. He then decided that his old car was not able to take the grind, as it was constantly in need of some repair; therefore, he decided to build a new car. At this point in time, petitioner estimated that he had $ 3,500 - $ 4,000 invested in his "activity." 1983 and some time therafter was devoted to the building of the new car. Petitioner engaged a friend to *247 do the building in the friend's backyard. The construction proceeded when the friend had spare time and when petitioner had sufficient funds to acquire the necessary parts and supplies. During 1983 petitioner spent $ 11,331 for expenses related to his stock car racing activity, most of which pertained to the construction. However, none of that amount was for expenses which would be deductible regardless of whether such activity was engaged in for profit. During the period 1980 through 1986, petitioner entered approximately 25 races in Riverside and Bakersfield, CA., but never won any races. He never had a sponsor to pay for advertising or any portion of his racing expenses. Petitioner did not maintain any formal ledger accounts for his racing activity during 1983; indeed, petitioner did not consider himself a "records person." Section 183 generally provides that if an individual engages in an activity, and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." [2]
*248 The standard for determining whether an individual is carrying on a trade or business, thus enabling deductible expenses under section 162, is whether the taxpayer engaged in the activity "with the actual and honest objective of making a profit." Dreicer v. Commissioner,78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). While a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer had the requisite profit objective. Dreicer v. Commissioner, supra.The existence of the requisite profit objective is a factual question which must be determined upon the record. Boyer v. Commissioner,69 T.C. 521, 539 (1977); Benz v. Commissioner,63 T.C. 375 (1974). The regulations contain relevant factors for consideration in determining whether an activity is engaged in for profit. Section 1.183-2(b), Income Tax Regs. *249 , includes the following factors: (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. No one factor is controlling. Abramson v. Commissioner,86 T.C. 360, 371 (1986); Golanty v. Commissioner,72 T.C. 411, 426 (1978), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). All of these factors point to the conclusion that in 1983 petitioner was not engaged in the trade or business of stock car racing. He had virtually no experience in the area except as an occasional pit crew person. He devoted only infrequent time and effort to the activity, earning his living as a truck driver. *250 Only when sufficient funds were available did he continue with the building of his new car. The fact that he lost money in prior years did not dissuade him from pursuing the activity, but only gave him cause to spend more money in the hopes of building the ideal racing machine. Finally, petitioner kept no books or records of his activity, other than the canceled checks substantiating his expenses. We believe that racing was petitioner's form of recreation, with dreams of someday becoming a well known, yet not necessarily successful driver. We sustain respondent on this adjustment. Petitioner's expenses for the racing activity were reported on a Schedule C with his 1983 return. Also included on that schedule was a depreciation deduction of $ 3,515, which the parties agree does not pertain to that activity. Instead this amount relates to a boat and trailer which petitioner purchased in 1981. Petitioner agrees that this asset was purely a personal asset which he bought for pleasure purposes. The evidence with regard to the boat and trailer is very sketchy. Apparently, after the purchase, petitioner realized that the boat was unusable. There ensued a law suit which resulted *251 in the seller's taking back the boat and petitioner's being "let out of the contract." Petitioner lost the money already paid. Petitioner acknowledges that he is not entitled to any depreciation deduction. In addition, he is also not entitled to any loss deduction. Losses with regard to personal assets are generally not deductible. The evidence does not indicate that any casualty loss occurred. Accordingly we sustain respondent on this adjustment. As indicated above, petitioner was a truck driver. In 1983 he was employed full-time by Borun Brothers, now known as Thrifty Drug. Twice a week he drove to the San Francisco/Northern California area and was required to "layover" usually for one or two days. Petitioner kept no records of the expenses incurred on these trips, or if he did they were lost over the years and his several moves. He made no effort to reconstruct such records. He stated that he did not usually stay at the same motel or hotel or eat at the same places. He did not charge his expenses on credit cards, but paid cash therefore. On a Form 2106, Employee Business Expenses, *252 petitioner claimed a deduction of $ 5,775 based upon an estimated 165 layovers or $ 35 per layover. Borun Brothers reimbursed petitioner $ 22 or $ 23 per night for these layovers, but petitioner did not reflect that fact on his form. Petitioner did not know whether the reimbursement was included on his Form W-2. Section 162(a) allows a deduction for all ordinary and necessary business expenses incurred in carrying on a trade or business. When questioned, a taxpayer must substantiate the claimed expenses by appropriate documentary and/or testimonial evidence. Under certain circumstances, where we are satisfied that expenses were incurred but adequate records do not exist to support the exact amount of the allowable deduction, bearing heavily against the party whose burden it is to substantiate those claims. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Special substantiation requirements are provided for in section 274(d) for certain items such as travel and entertainment. *253 For expenses falling under the section 274(d) blanket, mere substantiation by testimony is not satisfactory and strict substantiation requirements are provided. Adequate records or sufficient evidence in corroboration of testimony detailing time, place, location and business purposes of each expense must be shown. Section 1.274-5(b)(2) Income Tax Regs. For those expenditures, the Court is prohibited from relying upon Cohan v. Commissioner, supra.
The claimed expenses for meals and lodgings for the out of town layovers are travel expenses for which section 274(d) substantiation requirements are applicable. Petitioner has failed to submit any records, original or reconstructed. We have no choice but to sustain respondent. To reflect the above, Decision will be entered for the respondent.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue code of 1954, as amended and in effect during the year in issue. ↩
2. Sec. 183(b)(1) allows deductions related to the activity which are allowable regardless of whether the activity is engaged in for profit, such as interest and taxes. In addition, sec. 183(b)(2)↩ authorizes a deduction for other expenses related to the activity to the extent that the gross income derived from the activity exceeds the deductions which are allowable irrespective of an objective to realize a profit.