J. WILLIAM AND ELLEN M. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket Nos. 17649-86; 38870-86.
United States Tax Court
T.C. Memo 1988-534; 1988 Tax Ct. Memo LEXIS 563; 56 T.C.M. (CCH) 692; T.C.M. (RIA) 88534; November 17, 1988. J. William Roberts, pro se. Margaret Rigg, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION Korner, Judge: Respondent determined income tax deficiencies and an addition to tax for petitioners as follows: Addition to tax
Year
Deficiency
Sec. 6651(a)(1) [1]
1983
$ 3,191
$ 240.30
1984
2,491
--
After concessions, the following issues remain for decision: (1) Whether petitioners were engaged in a trade or business and, if so, whether they are entitled to deduct business expenses claimed on their returns; (2) Whether petitioners are entitled to charitable contribution deductions for property donated in 1983 and 1984, as well as deductions attributable to charitable contribution carryovers from 1982, in excess of the amounts conceded by respondent; (3) Whether petitioners *566 are liable for an addition to tax pursuant to section 6651(a)(1) for failure to file a timely income tax return for tax year 1983. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. J. William and Ellen M. Roberts ("petitioners") resided in San Francisco, California, when they filed their petitions for tax years 1983 and 1984. They filed joint Federal income tax returns for all years in dispute. J. William Roberts [2] was engaged in what he terms "information management" during 1983 and 1984. In these years, petitioner collected large quantities of books in order to build "the best entrepreneurial library in the world." This library was intended to form the foundation of what petitioner refers to as the "total productive employment system," a theory developed by petitioner concerning solutions for our nation's economic and social problems. Petitioner continues to collect books for the library he has planned and has already begun a campaign for the vice-presidency of the United States in order to properly implement the total productive employment system. *567 The books for the entrepreneurial library have been stored in garages that petitioner has rented since 1983. Petitioner has never had any employees or business licenses and has never maintained separate business records for his venture. In connection with the information management activities, petitioners claimed deductions and reported income in 1983 and 1984 as follows: Type
1983
1984
Bad debt
$    37.00
85% of car expenses
$ 2,910.00
2,000.00
Depreciation
280.00
280.00
Dues and publications
-  82.50
Interest
235.00
-  Office Expense
-  600.00
Rent
2,222.00
1,658.96
Travel and entertainment
-  85.00
Utilities and telephone
75.00
75.00
TOTAL CLAIMED DEDUCTIONS
$ 5,722.00
$ 4,818.46
GROSS INCOME
-0- 20.00
NET LOSS
$ 5,722.00
$ 4,796.46
Petitioners also claimed charitable contributions of $ 3,500 and $ 2,542 in 1983 and 1984, respectively. The 1983 charitable contributions consisted of $ 2,390 in cash and $ 1,110 in property. The 1984 charitable contributions claimed consisted of $ 1,412 in cash and $ 1,130 in property. In *568 1982, petitioner picked up unwanted or excess books and magazines from libraries and rerouted them to foreign ships at dock in San Francisco, Indian reservations, college students and to other libraries. Petitioner produced a list of charitable contributions and attached several letters from donees concerning the property that he donated in 1982, but did not report on the tax return for that year. Petitioners' tax return for 1983 was received by the Service Center in Fresno, California, on May 29, 1984. Petitioners did not file for an automatic extension of time within which to file their Federal income tax return for 1983. In his notice of deficiency, respondent disallowed all the business expense deductions and all the charitable contribution deductions for tax years 1983 and 1984. Respondent also determined an addition to tax for failure to file a timely return for tax year 1983. Respondent and petitioner have settled the cash contributions for 1983 and 1984, and respondent has conceded noncash contributions of $ 995 and $ 200 in 1983 and 1984, respectively. OPINION Trade or Business Determination
*569 Petitioners have the burden of proving that Roberts was engaged in a trade or business. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Ordinary and necessary expenses incurred in a trade or business or expenses incurred for the production of income are deductible, pursuant to sections 162 or 212. [3] These sections require that the taxpayer must harbor an actual and honest objective of making a profit. On the other hand, if Roberts' information management activities do not constitute a trade or business or an income-producing activity, his expenses may be deductible only according to section 183(b). *570 Whether petitioner's information management venture was a trade or business depends upon whether he had an actual and honest objective of making a profit. Dreicer v. Commissioner,78 T.C. 642, 646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioner's expectation of profit need not have been a reasonable one, but he must have entered into the activity, or continued it, with the objective of making a profit. Golanty v. Commissioner,72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Profit objective is a question of fact to be determined from all of the facts and circumstances. Allen v. Commissioner,72 T.C. 28, 34 (1979); Dunn v. Commissioner,70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). In addition, section 1.183-2(b), Income Tax Regs., provides criteria which can be employed in determining the existence of a taxpayer's profit objective: (1) the manner in which the taxpayer *571 carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. This list is intended to provide objective standards based upon prior case law. No one factor is determinative. Sec. 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner,86 T.C. 360, 371 (1986). Section 183(d) provides a presumption that a taxpayer is engaged in an activity for profit if gross income from the activity exceeds deductions for two or more years in a period of five consecutive tax years. Petitioner's "business" generated total gross receipts of $ 20 in the years *572 in question. Petitioner testified that he had not made a profit in the information management business during the last ten years. Therefore, the presumption of section 183(d) that an activity has been entered into for profit does not apply in this case. After examining the record in light of the above standards, we conclude that petitioner was not engaged in the information management activity for profit and, therefore, is unable to deduct his expenses under sections 162 or 212. With respect to his plans to build an entrepreneurial library, petitioner failed to explain or describe how he would raise the money to build, staff or maintain the library. He also failed to explain where it would be located and whom it would serve. Petitioner did not prove that he had sufficient expertise in developing a library and did not show how much time he spent on this project. Furthermore, petitioner had no inventory, employees, licenses to operate, separate business phones or separate business records to keep track of his information management business. Petitioner did not see customers at his home. Petitioner claimed that his goal was to "make millions" on the lecture circuit by espousing *573 his total productive employment system theory. The record is simply devoid of any evidence suggesting that petitioner had even the remotest chance of becoming a regular in lecture halls across the United States. Petitioner may have seriously contemplated that he would become rich after developing his entrepreneurial library and lecturing about his theories; however, mere declarations of subjective intent, without more, are not sufficient to prove that an activity was engaged in for profit. Siegel v. Commissioner,78 T.C. 659, 699 (1982). We are convinced that petitioner's information management idea, including his plans to build an entrepreneurial library and the total productive employment system theory, was not a trade or business, nor an activity entered into for the production of income. Sec. 183(c). Accordingly, pursuant to section 183(b), his business deductions are limited to his total gross receipts from the hobby, or $ 20 in tax year 1984. Charitable Contributions
At issue after concessions are deductions claimed on petitioners' income tax returns with *574 respect to noncash charitable contributions amounting to $ 115 and $ 930 in 1983 and 1984, respectively. At trial petitioners additionally claimed that they were entitled to charitable contribution carryovers of $ 67,235.35 from tax year 1982. To this end, petitioners have presented a list of 1982 donees, with a brief description of the donated items. This belated attempt to substantiate additional charitable contribution deductions in 1982 for purposes of carrying them over to 1983 and 1984 falls short in many ways. Section 170(a)(1) allows a deduction for any charitable contribution to or for the use of an organization described in section 170(c). If a contribution is made in property other than money, the amount of the contribution is equal to the fair market value of the property at the time of the contribution. Sec. 1.170A-1(c)(1), Income Tax Regs. Fair market value is defined by the regulations as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both *575 having a reasonable knowledge of relevant facts." Sec. 1.170A-1(c)(2), Income Tax Regs.; Lio v. Commissioner,85 T.C. 56, 66 (1985), affd. 813 F.2d 837 (7th Cir. 1987). Fair market value is a question of fact to be determined from an examination of the entire record. Skripak v. Commissioner,84 T.C. 285, 320 (1985); Zmuda v. Commissioner,79 T.C. 714, 726 (1982), affd. 731 F.2d 1417 (9th Cir. 1984). Petitioners bear the burden of proving that the Commissioner's disallowance of the charitable contribution deductions is erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner has failed to substantiate the fair market value of any of the items he claims to have donated. His bald assertions of values for boxes of duplicate books and magazines which were unwanted by libraries do not constitute appropriate or useful valuation information. Petitioners have failed to establish that all the donees were qualified charitable organizations, pursuant to section 170(b)(1)(A). We also find that the attached letters from most of the donees do not acknowledge *576 specific gifts; instead, they are vague, glossy acknowledgments of petitioner's prior assistance. It is clear that petitioner has performed a valuable service by redistributing unwanted books and journals to groups which can benefit from them. Petitioner would have been entitled to deduct the mileage associated with the use of his truck in rerouting books had he substantiated the use of his truck. He has not. We decline to discuss the other requirements of section 170 that must be met and conclude that petitioners have failed to meet their burden of proof concerning the value of their alleged noncash contributions. Petitioners are not entitled to any charitable contribution carryover from tax year 1982, nor are they entitled to any noncash contribution deductions for 1983 or 1984, except as allowed by respondent. Addition to Tax
Respondent determined that petitioner was liable for an addition to tax under section 6651(a)(1). Petitioners bear the burden of proving that respondent's determination was incorrect. Welch v. Helvering, supra; Rule 142(a). Petitioners' *577 Federal income tax return for 1983 was received by the Internal Revenue Service on May 29, 1984. Petitioner did not request an extension of time in which to file their return for 1983. Petitioners have not shown that their failure to file a timely return was due to reasonable cause and not willful neglect. Sec. 301.6651-1(a)(1), Proced. & Admin. Regs. We find for respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Hereinafter sometimes referred to as "petitioner" or "Roberts."↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In general. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- (1) for the production or collection of income; * * *↩