SHIRLEY HUTCHINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hutchinson v. Commissioner
Docket No. 36569-86
United States Tax Court
T.C. Memo 1988-568; 1988 Tax Ct. Memo LEXIS 601; 56 T.C.M. (CCH) 854; T.C.M. (RIA) 88568; December 15, 1988
Shirley Hutchinson, pro se. Joyce Sugawara, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)[1]
Sec. 6653(a)(2)
1982
$ 1,769
$  88
50 percent of
the interest
due on $ 1,769
1983
3,300
165
50 percent of
the interest
due on $ 3,300
After concessions, [2] the issues for decision are: (1) Whether petitioner is entitled to business deductions claimed with respect to her activity involving Mary Kay Cosmetics; (2) whether petitioner is entitled to certain deductions claimed on Schedule A of her 1982 and 1983 *603 tax returns; and (3) whether petitioner is liable for additions to tax under sections 6653(a)(1) and (2) for 1982 and 1983. Petitioner resided in Los Angeles, California when she filed her petition in this case. For purposes of convenience, we are combining our findings of fact and opinion. Issue 1
During the years in issue, petitioner was employed as a lab technician. This job provided petitioner with her primary source of income. On her 1982 and 1983 Schedule C, petitioner reported gross receipts from the sale of Mary Kay Cosmetics in the amounts of $ 144 and $ 276, respectively. Petitioner also claimed business expenses of $ 4,856 for 1982 and $ 7,402 for 1983. Respondent contends that petitioner has failed to substantiate the claimed business expenditures and that the expenditures were incurred in an activity not engaged in for profit. Consequently, respondent concludes that petitioner is not entitled to deduct the claimed expenses. Petitioner contends that her cosmetics business was engaged in for profit and that her expenses are fully deductible. *604 Petitioner has the burden of proving that she is entitled to these deductions. Rule 142(a). Petitioner offered no documents to substantiate that the claimed expenditures were made nor did she testify regarding any specific expenditures. Petitioner failed to meet her burden of proof. Petitioner has also failed to prove that she was engaged in the cosmetics business for profit. Section 183(a) provides that if a taxpayer's activity constitutes an activity "not engaged in for profit," expenses arising out of the activity are allowed as deductions only as provided in section 183(b). An "activity not engaged in for profit" is defined in section 183(c) as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraphs (1) or (2) of section 212." If the activity is not engaged in for profit, section 183(b) allows deductions to the extent of gross income from the activity. For an activity to be carried on for profit, a taxpayer must demonstrate that she had an "actual and honest objective of making a profit." Dreicer v. Commissioner,78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). *605 While a reasonable expectation of profit is unnecessary, a taxpayer's profit objective must be bona fide. Dreicer v. Commissioner, supra at 645. Whether there is an intention to make a profit is a factual issue to be resolved on the basis of all the surrounding facts and circumstances. Finoli v. Commissioner,86 T.C. 697, 722 (1986). The burden of establishing the requisite profit objective is on petitioner. Beck v. Commissioner,85 T.C. 557, 569 (1985). We give greater weight to objective facts than to a taxpayer's after the fact statements of intent. Thomas v. Commissioner,84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); sec. 1.183-2(a), Income Tax Regs. Other than petitioner's statement that she intended to make a profit, there was no evidence offered to establish the required profit objective. Issue 2
Respondent disallowed various deductions claimed by petitioner on her 1982 and 1983 tax returns. Petitioner bears the burden of proof. Rule 142(a). Petitioner has failed to produce any testimony or documentation necessary to substantiate any of these claimed deductions. *606 Accordingly, respondent's determination is sustained. Issue 3
Petitioner also bears the burden of proof with respect to the additions to tax pursuant to sections 6653(a)(1) and (2). Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner testified that she gave all of her receipts and bills to her tax consultant and instructed her to prepare the 1982 and 1983 tax returns. As a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer. Pritchett v. Commissioner,63 T.C. 149, 174-175 (1974). Petitioner has offered no additional testimony concerning the additions to tax, and respondent's determinations will be sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioner is entitled to a child care credit of $ 326 for 1982 and $ 316 for 1983.↩