HAROLD KLAPPER, Petitioner COMMISSIONER OF INTERNAL REVENUE, Respondent
Klapper v. Commissioner
Docket No. 36115-87
United States Tax Court
T.C. Memo 1990-372; 1990 Tax Ct. Memo LEXIS 392; 60 T.C.M. (CCH) 182; T.C.M. (RIA) 90372; July 23, 1990, Filed *392 Decision will be entered under Rule 155. Harold Klapper, pro se. Hannah Klapper, for the respondent. WELLS
MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Addition to Tax Under
Taxable Year
Deficiency
Section 6651(a) [1]
1979
$  6,307.00 $  - 0 -
1981
11,987.00
784.40
1982
12,013.00
268.90
1983
14,264.00
- 0 -
1985
8,547.00 - 0 -
*393 After concessions, we must decide the following issues: (1) whether petitioner's writing/photography and law activities during the taxable years in issue were engaged in for profit; (2) whether petitioner has substantiated deductions attributable to those activities and charitable contributions; and (3) whether the instant proceedings have been maintained by petitioner primarily for delay, or whether petitioner's position has been frivolous or groundless within the meaning of section 6673(a) of the Internal Revenue Code. For convenience, we will combine our findings of fact and opinion. The parties each refused to sign the other's proposed stipulation of facts. Consequently, none of the facts were stipulated for trial. In his opening brief, petitioner did not propose findings *394 of fact, and in his reply brief, petitioner made no objections to respondent's proposed findings of fact, as required by Rule 151(e)(3). Petitioner made only the following statement with regard to proposed findings of fact: Because of the nature of the law and constitutional violations by the respondent and Judge Wells, the facts upon which judgment should be found for petitioner, is the record, absorbed from the total record to this matter including, but not exclusively, the transcript of the record at trial, (including those portions of the record the trial judge kept out of evidence and/or from being identified). [Emphasis in original.]
We find petitioner's statement to be frivolous. Accordingly, we assume that petitioner has no objections to respondent's proposed findings of fact. Petitioner's legal arguments on brief are similarly vague and incoherent. Petitioner's sole argument on brief is that "under binding authority, petitioner in law, fact and equity, and constitutional mandate, is right." We find petitioner's statement to be frivolous and not in compliance with Rule 151(e)(5), which requires parties to set forth and discuss the points of law *395 involved and any disputed questions of fact. Petitioner is an attorney and should therefore know that his brief is insufficient. Although we may treat arguments not briefed as conceded (Rule 151(e); Remuzzi v. Commissioner, T.C. Memo. 1988-8), we nevertheless will addressthe issues set out above. Petitioner bears the burden of proof with respect to all issues in the instant case. Rule 142(a). Petitioner resided in New York, New York, at the time he filed his petition. Petitioner is an attorney and a member of the New York bar. At trial, petitioner offered as evidence, for the purpose of substantiating his Schedule C expenses, plastic grocery shopping bags filled with disheveled, disorganized, and incomplete statements and receipts. The Court stated that it would not admit the documents in such condition and that it would admit the documents only if copies were made and the documents offered into evidence in an organized manner. The Court offered petitioner time to copy and organize the documents, but petitioner declined the Court's offer. Thereupon, the Court ruled that the documents would not be admitted. To prove Schedule C expenses, petitioner also *396 offered the same bank statement that he had offered to prove interest expenses that had been the subject of a stipulated settlement by the parties. The record contains no records, receipts, or written statements to substantiate the amounts of alleged travel expenditures, the time of alleged travel, or the business purpose of alleged travel, during the years in issue. Sec. 274(d). In sum, petitioner has not substantiated by credible evidence any of the deductions in issue beyond those allowed by respondent. Moreover, petitioner has not proved that any of his alleged writing/photography or law activities were engaged in for profit as required by section 183. Petitioner has the burden of proving that he engaged in his alleged activities with the requisite profit objective. Rule 142(a); Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980).Based upon the record as a whole, we find that petitioner has failed to prove that those alleged activities were conducted with an actual and honest profit objective. Levy v. Commissioner, 91 T.C. 838, 871 (1988); Elliott v. Commissioner, 90 T.C. 960 (1988), *397 affd. 899 F.2d 18 (9th Cir. 1990); Dreicer v. Commissioner, 78 T.C. 642 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).Petitioner did not prove that he carried on his activities in a businesslike manner, that he maintained adequate books and records, that he made significant changes in his operating methods, that he sought expert advice, that he spent substantial time and effort on his activities, that he had a history of profit from his activities, and that he did not derive significant personal pleasure from his activities. Sec. 1.183-2(b), Income Tax Regs. After observing petitioner's demeanor on the witness stand, we find that petitioner is not a credible witness. Throughout the trial, and before and after the trial, petitioner attempted to mischaracterize statements of the Court and of respondent's counsel. Petitioner appeared hostile and belligerent. During the trial, the Court admonished petitioner for his attempts to impugn the Court and warned him that the Court would hold him in contempt if he continued such conduct. The only argument made by petitioner in these proceedings is that he is the victim of unconstitutional *398 discrimination. Petitioner made that argument in a motion for summary judgment denied by the Court prior to trial. As a general rule, we do not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making the determinations. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).An exception to the foregoing rule is made when a taxpayer produces "substantial evidence of unconstitutional conduct by respondent in determining the deficiency * * *." (Citations omitted.) Berkery v. Commissioner, 91 T.C. 179, 186 (1988), affd. 872 F.2d 411 (3d Cir. 1989); Suarez v. Commissioner, 58 T.C. 792, 814 (1972), overruled in part Guzzetta v. Commissioner, 78 T.C. 173, 184 (1982).[2] Nonetheless, in the instant case, petitioner failed to produce "substantial evidence of unconstitutional conduct" by respondent. Moreover, how a taxpayer is treated by the Commissioner in relation to other taxpayers is generally irrelevant to deciding a case before us. Penn-Field Industries, Inc. v. Commissioner, 74 T.C. 720, 723 (1980); *399 Davis v. Commissioner, 65 T.C. 1014, 1022 (1976).Therefore, petitioner's vague claims of unconstitutional conduct do not affect the resolution of the instant case. Respondent has moved, pursuant to section 6673, for an award of damages (penalty) in the instant case. We believe that such an award is appropriate. As noted above, *400 petitioner's statements and actions throughout the instant proceedings have been frivolous and groundless and have amounted to a waste of the Court's time and that of respondent. Rather than pursuing the issues before us in the instant proceedings, petitioner pursued issues concerning the conduct of respondent, as noted above, which allegedly occurred during the audit of petitioner for the years in issue. Accordingly, we will grant respondent's motion for damages and award the United States damages (penalty) in the amount of $ 5,000. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In Suarez v. Commissioner, 58 T.C. 792, 814 (1972), overruled in part Guzzetta v. Commissioner, 78 T.C. 173, 184 (1982), we held that violation of the Fourth Amendment right to be free from unreasonable searches and seizures required that the burden of going forward with the evidence be shifted to respondent. The portion of Suarez excluding the evidence obtained in violation of the Fourth Amendment↩ has been overruled because of United States Supreme Court precedent limiting the scope of the exclusionary rule. The portion of the opinion shifting the burden of going forward with evidence, however, appears to remain good law.