DAVID AND BEVERLY FERGUSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferguson v. Commissioner
Docket No. 35673-87
United States Tax Court
T.C. Memo 1991-156; 1991 Tax Ct. Memo LEXIS 175; 61 T.C.M. (CCH) 2367; T.C.M. (RIA) 91156; April 8, 1991, Filed *175 Decision will be entered under Rule 155. David Ferguson, pro se. Darryl Choy and Donald R. Gilliland, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION Respondent, by means of a statutory notice of deficiency, determined a $ 9,976.60 Federal income tax deficiency for petitioners' 1984 taxable year. Respondent also determined additions to tax under section 6653(a)(1) and (2)[1] with respect to the entire income tax deficiency. The following issues remain for our decision: (1) Whether petitioners are entitled to employee business expenses in excess of the $ 11,816 amount which respondent concedes was adequately substantiated; (2) whether petitioners are entitled to expenses in excess of $ 968 for painting and decorating in connection with rental property; (3) whether petitioners' Arabian horse breeding activity was engaged in for a profit; and (4) whether any underpayment of tax is due to negligence or intentional disregard of the rules and regulations. *176 At the time of the filing of the petition herein, petitioners were married and had their legal residence in Roxboro, North Carolina. Petitioners filed a joint Federal income tax return for their 1984 taxable year using the cash method of accounting. For purposes of convenience the Findings of Fact and Opinion are set forth separately for each issue. Employee Business Expenses
On their 1984 Federal income tax return petitioners claimed $ 16,675 [2] of employee business expenses. In the notice of deficiency respondent disallowed the entire $ 16,675 claimed by petitioners. For purposes of trial respondent has agreed that petitioners have substantiated and are entitled to $ 11,816 of employee business expenses. The amounts claimed by petitioners on their return and agreed to, for purposes of trial, by respondent are as follows: Description
Claimed
Substantiated
Airplane fare
$    293
$    -0-
Meals, lodging, and other expenses
4,344
1,959
Auto expenses
9,088
8,683
Sales expenses
3,843
1,174
Total
$ 17,568
$ 11,816
Less: Reimbursement
893
-- Net
$ 16,675
$ 11,816
*177 The remaining dispute between the parties concerns two items. First, petitioner produced an airline ticket and receipt which reflect air travel for a Barry Landis at a cost of $ 214. Petitioner ("petitioner" when used in the singular shall refer to petitioner David Ferguson) was employed as a salesman for a company. Mr. Landis was a customer for whom petitioner purchased an airline ticket so that Mr. Landis could come to see petitioner's employer's plant. Petitioner's employer's reimbursement policy did not include travel expenses for customers, and petitioner was not reimbursed for Mr. Landis' $ 214 airline ticket. We find that petitioners have adequately substantiated the $ 214 expenditure and they are entitled to deduct it as an employee business expense. It is noted that the focus of the parties here was limited to substantiation and not to whether such items would be otherwise deductible. Petitioners offered no evidence concerning the remainder of the $ 293 "airplane fare" item. The second employee expense item in controversy concerns petitioners' claim that they are entitled to a deduction for the $ 893 of employee expenses for which petitioner was reimbursed and which *178 was included in petitioners' income for 1984. In this regard petitioner testified that he had no records concerning this item because the receipts reflecting the $ 893 had been turned in to his employer to substantiate the claim for reimbursement. Petitioners claimed $ 17,568 of employee expenses but reduced that amount on the return by the $ 893 reimbursed, leaving a net claim of $ 16,675 which respondent disallowed. By only disallowing $ 16,675, respondent did not allow the $ 893 reimbursed by the employer which also was included in petitioners' income. Thereafter and prior to trial, respondent accepted petitioners' substantiation of $ 11,816 of the $ 16,675 disallowed. Although petitioner stated that he turned in all records in support of the $ 893 to his employer, the burden is on petitioners to show that the $ 893 is not a part of the $ 11,816 already allowed by respondent. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Petitioners did not show that the $ 893 was not a part of the $ 11,816 agreed to by respondent. Further, petitioner did not attempt to explain any of the specifics concerning the $ 893 for which he was reimbursed by his employer. *179 Accordingly, petitioners have failed to carry their burden of showing their entitlement to the $ 893. Accordingly, we hold that petitioners have substantiated and are entitled only to $ 214 in employee business expenses in excess of the $ 11,816 agreed to by respondent. Rental Property Expenses
Petitioners claimed $ 2,207 as painting and decorating expenses concerning a rental property. Respondent, in the notice of deficiency, disallowed the entire $ 2,207. For purposes of trial respondent agreed that petitioners are entitled to $ 968 of the $ 2,207 claimed on the return. Accordingly, there remains in dispute $ 1,239. Petitioners purchased the rental property early in 1984 for $ 14,000 and proceeded to fix it for rental. Petitioner painted, repaired plumbing, repaired a hole in the floor, and added posts and wire to an existing perimeter fence. Respondent has agreed that petitioners have substantiated $ 968, which petitioner indicates involved the painting and plumbing repairs. Petitioner's employer is involved in the home construction business and employees are permitted to obtain building materials from the company. One method of payment for the materials is through *180 periodic payroll deductions. Petitioner, during 1984, obtained lumber and wire for fencing from the company and used it to patch a hole in the floor of the rental property and to repair and replace part of the perimeter fencing around the property. One thousand five hundred and forty-four dollars was deducted from petitioner's salary during 1984 for materials obtained from petitioner's employer. Petitioners claim that the $ 1,239 difference between the amount claimed and the amount agreed to by respondent is covered by this item. Respondent argues that the discrepancy in the amounts and the manner in which petitioners denominated the claimed repairs as "Painting and Decorating" reflects that petitioners' trial position is merely an afterthought. As an alternative argument, respondent argues that if we find the expenditures were made, they constitute capital improvements rather than deductible repair expenses. We find that petitioners have carried their burden of proving the $ 1,239 was expended during 1984. Moreover, we find petitioner's testimony that he repaired a hole in the floor and mended and added to the fence for extra strength to be credible. Accordingly, the expenditures *181 were for repairs, rather than being capital in nature. Our findings result in petitioners' being entitled to the entire $ 2,207 claimed on their 1984 return for "Painting and Decorating." Petitioners' Horse-Breeding Activity
The parties have stipulated that petitioners expended $ 14,000 in connection with their horse-breeding activity during 1984. The sole issue we must decide is whether petitioners' horse-breeding activity was not engaged in for profit. Section 183(a) provides that individual taxpayers will not be allowed deductions which are attributable to an "activity * * * not engaged in for profit." This term of art is defined in section 183(c) as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 [trade or business] or under paragraph (1) or (2) of section 212 [expenses incurred for the production of income]." Section 183(b) permits deductions, but only to the extent of any gross income generated from the activity. In the case of horse training or breeding activity, if gross income derived from the activity for 2 or more taxable years in a period of 7 consecutive taxable years exceeds the deductions attributable *182 to such activity, then the activity is presumed to be engaged in for profit. Sec. 183(d). Although a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer entered into the activity, or continued the activity, with the actual and honest objective of making a profit. Sec. 1.183-2(a), Income Tax Regs.; Keanini v. Commissioner, 94 T.C. 41 (1990); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). In making this determination, more weight is accorded to objective facts than to the taxpayer's statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). Petitioners bear the burden of proving that they possessed the required profit objective. Rule 142(a); Dreicer v. Commissioner, supra; Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). In determining whether an activity is engaged in for profit, reference is made to objective standards, taking *183 into account all of the facts and circumstances of each case. Sec. 1.183-2(a), Income Tax Regs. The regulations set forth nine criteria normally considered for this purpose. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the presence of elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs.
The parties have addressed this issue by reference to the nine factors set forth in section 1.183-2(b), Income Tax Regs. For convenience we follow the parties' format and find facts within the discussion of each factor. First, as general background, petitioner was employed in a full-time position and was only devoting part time to the horse activity. He grew up *184 on a farm where hogs, chickens, and horses were successfully or profitably raised by his father. Petitioner first became involved in the horse activity in 1981 but did not report income or claim deductions on tax returns until 1983 when he purchased additional horses. In 1981 petitioner had one horse and there is no indication as to the number of horses maintained during 1982. During 1983, however, there is evidence that petitioner purchased some horses. Although petitioner's depreciation schedule on his 1984 income tax return reflected that no horses were purchased during 1984, he testified that he thought that he had purchased horses during 1984. Although no income was reported on petitioner's 1984 return, he testified that he earned income for training people concerning horses. The records in the case generally contradicted or did not coincide with petitioner's testimony. (1) The manner in which the taxpayer carries on the activity -- petitioner's failure to devise or follow an operating plan. Although petitioner testified that he had given consideration to some type of plan, his testimony was vague and there is no indication in the record that a plan was followed. *185 It is likewise unclear whether petitioner's intent was to create a breeding herd, show horses, or train and teach concerning the horses. Further, petitioner did not intend to give his full effort to the horse activity until he could quit his sales-related job, which was a full-time pursuit. The records of the business were not produced and were described as a semiannual compilation of information from checks and receipts. The records were apparently kept by a bookkeeper in a distant location (California) and did not involve any analysis of the basis data. Petitioners claimed over $ 18,000 in deductions for 1984 but stipulated for purposes of this case that they would only be entitled to $ 14,000 if it is found that they are entitled to claim the deductions under sections 162 and 183. Petitioner also claimed that he advertised horses for sale and received instruction concerning Arabian horses, but petitioner's attempts to corroborate this testimony were inadequate. In this regard, he offered an undated parking receipt in an attempt to show that he attended some particular training or instruction. Petitioner has not shown that the activity was carried on in a businesslike manner. *186 (2) The expertise of the taxpayer or his advisors. On this point it is clear that petitioner was raised on a profitable farm which would have provided his potential to plan and operate a profitable horse activity. This fact works against petitioner because of his lack of a defined plan and his lack of development of a breeding herd. Although petitioner did not provide concise records of his acquisition of horses, he testified that he owned five or six horses during 1984. Of those horses, three were not purebred Arabians and could not be used for breeding purposes. Of the remainder of the horses, it is not clear what petitioner intended to do with them in order to attempt to realize a profit. It is most telling that about one-half of petitioner's horses would not be available for breeding purposes. (3) The time and effort expended by the taxpayer in carrying on the activity. Petitioner claimed to have spent 40 hours per week involved in the horse activity, but he did not indicate the manner in which those hours were utilized. Without advising us of the nature of his activity, he has failed to show that the relatively large amount of hours claimed to have been spent *187 had any relation to profitability, personal amusement, or some other endeavor. (4) Expectation that assets used in the activity may appreciate in value. Petitioner contends that he intended that the horses would appreciate in value. In this regard, petitioner testified that his operation was profitable in later years (1986 through 1988) but he did not corroborate his self-serving testimony; he failed to produce books, records, or even retained copies of his income tax returns for years after or before 1984. (5) The success of the taxpayer in carrying on other similar or dissimilar activities. Petitioner was employed as a sales person and had been raised on a successfully operated farm. These other activities should have provided him with the ability to effectively operate his horse activity in a businesslike and effective manner. There is no indication in the record that his success in his sales position or in connection with his father's farming operation was utilized in his horse activity under consideration in this case. (6) The taxpayer's history of income or losses with respect to the activity, and (7) the amount of occasional profits, if any, which are earned. *188 As indicated above, petitioner testified that he had losses until 1986 and that he had gains for 1986, 1987, and 1988. Petitioner's testimony was vague and uncorroborated with respect to most matters under consideration. His failure to offer corroborating evidence of his claims that net income was realized in later years results in his failure to show a successful income history regarding the horse activity or that he is entitled to the presumption under section 183(d). (8) The financial status of the taxpayer. Petitioners reported over $ 76,000 in wages for 1984. In that same year they claimed over $ 18,000 in deductions or losses from the horse activity. Petitioners' wage income is sufficiently large to facilitate substantial tax benefit from deductions which approximate 24 percent of the wages. (9) The presence of elements of personal pleasure or recreation. On this point, petitioner admitted that the horse activity was pleasurable to him. He also admitted that his children and wife also enjoyed the horse activity and riding. Although the element of pleasure in the activity does not by itself taint the profit-seeking nature of an activity, in this case, in conjunction *189 with other facts, it is not helpful to petitioners' position. The horses were kept about 20 miles from petitioners' home. Petitioners' two daughters were about 11 and 8 years old during 1984. Petitioner regularly drove his daughters to and picked them up from the location where the horses were kept. Although petitioner testified that his children helped in pursuit of the horse activity, he did not bring forth specific information showing how they assisted. Considering their ages and the lack of evidence concerning what, if any, assistance they may have provided in a business sense, it is likely that their involvement was substantially for pleasure. Petitioner indicated that his wife rode horses, but no evidence was offered as to her involvement with the horse activity. Overall, it appears that petitioners and their children obtained substantial enjoyment from their horse activity. We find that for the taxable year 1984 petitioners have failed to show that they possessed the required profit objective concerning their horse activity. Addition to Tax Under Section 6653(a)
Finally, we must decide whether any underpayment of tax is due to negligence or intentional disregard *190 of the rules and regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination of negligence is presumed to be correct and the taxpayer has the burden of proving the determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). We hold that petitioners failed to carry their burden of showing that the addition to tax under section 6653(a) is not applicable under the circumstances of this case. Here petitioners were unable to prove that profit potential was the objective for their entrance into or continuance of the horse activity, and in this regard, even though petitioner stated that records of the horse activity had been kept, no such records were produced, with the exception of a limited number of summary sheets. Additionally, the record reflects that petitioners claimed substantial deductions for the horse activity which, during 1984, was primarily for their own enjoyment and the enjoyment of their young daughters. Accordingly, petitioners are *191 liable for the additions to tax under section 6653(a)(1) and (2). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect for the tax year under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
2. It appears that petitioners incorrectly reduced employee business expenses totaling $ 17,568 by $ 893 of reimbursement by petitioner husband's employer. The form calls for reduction of reimbursement only if the employer did not include it in a taxpayer's wages on the Form W-2. In this case petitioner testified that the $ 893 had been included in his "income" by his employer.↩