JOHN J. YPSILANTIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ypsilantis v. Commissioner
Docket No. 4877-91
United States Tax Court
T.C. Memo 1992-644; 1992 Tax Ct. Memo LEXIS 668; 64 T.C.M. (CCH) 1240; T.C.M. (RIA) 92644; November 3, 1992, Filed Decision will be entered for respondent. For Petitioner: John Gigounas. For Respondent: Bruce E. Gardner. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181 and 182. [1]
Respondent, in a notice of deficiency dated March 4, 1991, determined deficiencies and additions to tax for the taxable years 1987, 1988, and 1989 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6662(b)(1)
1987
$   335
---
$ 17
[1]
---
1988
2,302
$ 115
---
---
---
1989
874
---
---
---
$ 175
*669 The issues for decision are: (1) Whether petitioner is entitled to deduct various expenses as trade or business expenses on his 1987, 1988, and 1989 Federal income tax returns; and (2) whether any portion of the underpayment is due to negligence. FINDINGS OF FACT Some of the facts are stipulated and are incorporated in our findings herein. At the time of the filing of the petition, petitioner resided outside the United States. Petitioner is a chemical engineer, having received his undergraduate degree from the University of Utah. He has also done graduate work at the University of California at Berkeley (Berkeley). Around 1960, after completing his graduate work at Berkeley, petitioner commenced employment as an engineer with the U.S.-based firm of Stone & Webster. Petitioner worked on a rehabilitation project for the Republic of South Korea while employed at Stone & Webster for approximately 2 years. From 1962 to 1968, petitioner was employed by the U.S.-based firm of Pacific Architect & Engineers (Pacific). The firm was engaged in the training of Vietnamese in urban development. Pacific also constructed infrastructure within Vietnam, such as highways, ports, and pipelines. *670 Petitioner's position with Pacific was general manager for Southeast Asia. Petitioner ceased employment with Pacific in 1969 and started his own company known as International Training Consultants (ITC). ITC specialized in training upper-echelon Vietnamese in language, management, and technical skills. ITC operated in Vietnam until April 1975. The company then embarked on a training program in Teheran, Iran, teaching computer skills to the Iranian Ministry of Defense. ITC ceased its operations around 1978. Petitioner then became involved in the import/export business, spending several years with the firm of Bechtel Co. located in Saudi Arabia. He was responsible for managing arrangements with contractors. Petitioner left Bechtel Co. in 1985 and worked for a short period of time for a Saudi Arabian company called RSAL. The record does not indicate what type of work petitioner did for RSAL. Around 1987, petitioner started his own import/export company which utilized several company names, including Join Sun Enterprises, Inc., and STV/Lyon Associates. The company purported to specialize in the shipment of commodities. Neither petitioner nor the company possessed any type *671 of license from any country to import or export specific commodities. While engaged in this activity, petitioner was still involved with the overseas development projects, although he does not reflect any wages or other income from those projects during 1987. From approximately January 1988 to May 1988, petitioner was in Chad, West Africa, working for the firm of Gannett Fleming Transportation Engineers, Inc. (Gannett), as a planning engineer. Petitioner reported a salary of $ 16,621 from this activity on his 1988 return. Most of petitioner's time was spent working with the Chadian Ministry of Public Works. From August 1988 through almost all of 1989, petitioner was in Tracy, California, living in a motel, allegedly attempting to develop a bean export business. During this time, petitioner was not in the employ of any company and he did not report any wages or salary on his 1989 return. Petitioner left Tracy, California, for only a few weeks in late September 1989 on a trip to Bahrain in the Persian Gulf. From its inception until the date the petition was filed, petitioner's import/export company has not made a profit. Petitioner timely filed his 1987 and 1988 Federal income *672 tax returns. He filed his 1989 Federal income tax return on May 5, 1990. The returns for 1987 and 1989 reflected negative taxable income, and the 1988 return reflected taxable income of $ 9,261. On the 1987 Schedule C, petitioner listed his principal business as utility marketing and on the 1988 and 1989 Schedules C, he listed his principal business as import/export marketing. Petitioner reported gross income of $ 1,744.60 on his 1987 Schedule C and reported no gross income on either his 1988 or 1989 Schedule C. Petitioner reported expenses on his 1987, 1988, and 1989 Schedules C as follows: 1987
1988
1989
Bank service charge
$    -0-
$     65
$    -0-
Car & truck expense
-0-
1,012
1,900
Commissions
-0-
-0-
1,200
Dues & publications
-0-
125
-0-
Legal & professional
70
-0-
-0-
Laundry & cleaning
-0-
175
-0-
Office expense
4,315
3,500
2,100
Supplies
-0-
75
900
Rent on business property
3,600
1,500
6,600
Travel
5,174
3,718
1,700
Meals & entertainment
-0-
1,161
320
(after limitations)
Telecommunications
-0-
375
2,300
Seminars
-0-
-0-
800
Utilities & telephone
895
432
-0-
Proposals
-0-
-0-
3,800
Taxes
-0-
68
-0-
Total Schedule C expenses
$ 14,054
$ 12,206
$ 21,620
*673 Petitioner did not keep any formal records with respect to the expenses and he failed to produce any receipts for the expenses claimed in 1987 and 1989. For 1988, he relied almost exclusively on his American Express summary of year-end charges to substantiate expenses claimed. Respondent examined the above-mentioned returns and disallowed the net loss reported on the 1987 Schedule C of $ 12,309 [2] and the total Schedule C expenses of $ 12,206 and $ 21,620 claimed for 1988 and 1989, respectively. Respondent argues that petitioner failed to prove that he was engaged in a trade or business and/or failed to substantiate most of the claimed expenses. OPINION Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. If the activity is not characterized as a trade or business, the expenses from the activity are generally deductible only to the extent of earnings from the activity. *674 See sec. 183; Portland Golf Club v. Commissioner, 497 U.S. 154,     n.6,     n.15, 110 S. Ct. 2780, 2784 n.6, 2787 n.15 (1990); Hager v. Commissioner, 76 T.C. 759, 781 (1981); Lewis v. Commissioner, T.C. Memo. 1992-420; Siegal v. Commissioner, T.C. Memo. 1992-334. The burden of proof is on the taxpayer to establish entitlement to claimed deductions. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Generally, for an activity to amount to a trade or business it must in the first instance be carried on with the objective of making a profit. See Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). This Court has often looked to section 183 and its corresponding regulations to determine whether an activity is engaged in for profit for purposes of section 162. *675 See, e.g., Dreicer v. Commissioner, supra; Nicholson v. Commissioner, T.C. Memo. 1991-135. Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors to be used in determining whether an activity is engaged in for profit. These factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements indicating personal pleasure or recreation. Allen v. Commissioner, 72 T.C. 28, 33-34 (1979). No one factor is conclusive. The evaluation of all the facts and circumstances in the case taken as a whole is determinative. Beck v. Commissioner, 85 T.C. 557, 570 (1985). *676 Upon a review of the record, we find that petitioner failed to satisfy many of the relevant factors normally associated with a profit-making activity. Petitioner did not carry on his import/export activity in a businesslike manner. He did not keep any business records or books pertaining to the activity. He failed to produce any record of his purported scheduled appointments or travel agenda. The nearest he came to offering evidence that resembled a business record was a 10-page handwritten list of purported "1988 Business Contacts". Petitioner also failed to keep receipts required to substantiate his purported business expenses. He was only able to produce some of the receipts for the taxable year 1988 and provided no receipts for the years 1987 and 1989. He claimed the receipts for 1987 had been lost when he left Chad and provided no reason for the lack of receipts for 1989. The 1988 receipts petitioner produced consisted mainly of an American Express summary of charges. Such summary is inconclusive as to whether any of the expenditures were trade or business expenses. The record indicates that the import/export activity failed to generate any profit in any of its years *677 of existence. In fact, in 2 of the 3 years in issue, petitioner had no gross income from any Schedule C activity. Petitioner provided no valid explanation for the lack of gross income or profit. He also failed to offer evidence that he attempted to generate business by utilizing various techniques such as advertising. Petitioner testified that he relied only on his personal contacts. Although a lack of profit is not dispositive, a history of losses may be indicative that the activity is not engaged in for profit. See sec. 1.183-2(b)(6), Income Tax Regs.
While we accept petitioner's testimony that international transactions can be tenuous, we find it somewhat hard to believe that petitioner has had no successful business contracts during the 3 years in issue, despite the numerous offerings petitioner claims he made. [3] Petitioner has an excellent educational and work background and has experience in the import/export business, all of which seem to indicate that he is a competent individual who in all rights should have had some success in his purported import/export business. Petitioner failed to adequately explain the reasons for his lack of success. In this regard, petitioner *678 appeared to enjoy a lifestyle that involved extensive foreign travel and living abroad. We, therefore, conclude that petitioner was motivated to some extent by personal pleasure. In conclusion, we hold that petitioner did not have an objective of realizing a profit from his import/export activity and, therefore, has failed to establish that he was engaged in a trade or business. See Dunn v. Commissioner, supra; DeVoe v. Commissioner, T.C. Memo. 1986-477, affd. without published opinion 860 F.2d 1088 (9th Cir. 1980). Accordingly, the claimed losses and deductions are disallowed. Based on the above, we need not decide whether the claimed deductions have been substantiated. The next issue for decision is whether petitioner is liable for additions to tax for negligence for the taxable years 1987, 1988, and 1989. [4] Respondent's *679 determination of liability for the additions to tax under these sections is presumed correct and petitioner has the burden to establish error. See Rule 142(a); Neely v. Commissioner, 85 T.C. 934, 947 (1985); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner claimed deductions and losses for 1987 through 1989 and was unable to adequately explain the nature of the deductions and losses. Petitioner's primary reliance on his credit card summary of previous charges is insufficient evidence to prove entitlement to those deductions. Petitioner has failed to satisfy his burden of proof; therefore, respondent's determination on this issue is sustained. *680 Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. Rounded to the nearest dollar amount.↩
3. Petitioner claims that in 1987 through 1989 he made approximately 250 offers to enter into contracts.↩
4. The additions to tax for negligence (sec. 6653(a)), valuation overstatements (sec. 6659), and substantial understatements of tax liability (sec. 6661) were repealed for income tax returns due to be filed after Dec. 31, 1989, and were replaced with an accuracy-related penalty under sec. 6662. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c), 103 Stat. 2106, 2399. The accuracy-related penalty imposed for negligence (sec. 6662(b)(1)) has primarily the same requirements as found in sec. 6653(a) except that the amount of the penalty differs. Sec. 6662(b)(1) provides for an amount equal to 20 percent of the portion of the underpayment to which that section applies.↩