JAMES E. CLAYTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clayton v. Commissioner
Docket No. 14907-91
United States Tax Court
T.C. Memo 1993-157; 1993 Tax Ct. Memo LEXIS 159; 65 T.C.M. (CCH) 2371; April 12, 1993, Filed *159 Decision will be entered under Rule 155. James E. Clayton, pro se. For respondent: Karen Nicholson Sommers. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for tax year 1988 in the amount of $ 893 and an addition to tax for negligence under section 6653(a)(1) in the amount of $ 44.65. Respondent conceded at trial that the recomputation of petitioner's allowable miscellaneous itemized deductions was erroneous; respondent now agrees that the disallowance should be $ 86 rather than $ 1,667. The issues for decision are (1) whether petitioner undertook his farming activity with an actual and honest profit objective, and (2) whether petitioner is liable for the addition to tax for negligence. Petitioner resided in Apple Valley, California, when he filed his petition. In 1987, petitioner bought 4.88 acres of land in Fresno County, California. The property *160 is located approximately 25 miles northeast of Clovis, California, on the western slope of the Sierra Nevada at an altitude of 2,000 feet. The property is suitable for farming, and farming is now petitioner's sole livelihood. In 1988, petitioner was employed as a sales manager by Duro-Test Corp. and worked on his property on weekends and some other occasions. He intends to build a home on the property, to plant fruit or almond trees and possibly a small vineyard. In order to make the soil ready for farming, petitioner has had to do extensive preparation, including repeated tilling and addition of amendments to the soil; these steps were necessary because cattle had been grazed on the land for many years. Petitioner referred to his observance of a Sabbath of the land, the custom of letting the land lie fallow, as prescribed in the Bible. Petitioner planted 60 eucalyptus trees of different varieties in 1988. In that year he deducted farming expenses of $ 4,306 on Schedule F of his Federal income tax return. Petitioner intended to sell the wood for firewood and the tops and branches to two power plants in the Fresno area as biomass for use in cogeneration of electric power. *161 All of petitioner's trees died back (the woody peripheral parts died) in 1989 due to excessively cold weather. Petitioner cut the trees as firewood for his own use and allowed them to resprout from the stumps. Approximately 30 percent resprouted. He planted no additional trees in 1989 or 1990 and continued to let the land lie fallow, due to personal problems. He poured a concrete slab and installed a metal storage building for his tractor and tools. Petitioner is a member of the Eucalyptus Improvement Association and is informed on the subject of eucalyptus growing in California. He holds a bachelor's degree from California State University, Fresno, where he studied biology, viticulture, and related subjects. He has worked for the National Forest Service as a fire prevention officer, for the National Park Service, and for the Bureau of Land Management. He was introduced to farming on his family's farm in Tennessee. Petitioner does not know how many trees he needs to plant to break even and kept no records of calculations of profit projections. Respondent determined that petitioner did not carry on his farming activity with a profit objective within the meaning of section *162 183. Petitioner contends that he conducted his farming with the objective of making a profit and, therefore, is entitled to deductions as claimed. Respondent's deficiency determination is presumed correct. Petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 183(a) provides, in pertinent part, that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as otherwise provided in section 183(b). Section 183(b) separates deductions claimed with respect to an activity not engaged in for profit into two categories, i.e., those that are not dependent upon a profit objective and those which are so dependent. Under section 183(b)(1), the deductions which are not dependent upon a profit objective, such as taxes, are allowable according to their governing sections, but, under section 183(b)(2), the deductions which are dependent upon a profit objective are deductible only to the extent that the gross income from the activity exceeds the deductions allowable under section 183(b)(1). Section 183(c) defines an activity not engaged in for *163 profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." The test for allowing deductions is whether the taxpayer engaged in the activity generating the expenses with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Although the taxpayer's expectation of profit need not be reasonable, there must be a good faith objective of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979). The Supreme Court has stated that to be engaged in a trade or business, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). The determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of *164 the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors to be used in determining whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayers carried on the activity; (2) the expertise of the taxpayers or their advisers; (3) the time and effort expended by the taxpayers in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayers in carrying on other similar or dissimilar activities; (6) the taxpayers' history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayers; and (9) any elements indicating personal pleasure or recreation. *165 Allen v. Commissioner, supra at 34. No one factor is conclusive. Thus we do not reach our decision by merely counting the factors in section 1.183-2(b), Income Tax Regs., that support each party's position. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979), affd. on another issue 615 F.2d 578 (2d Cir. 1980). On the basis of a consideration of these factors, we find that petitioner did not carry on his farming operation with the requisite profit objective. Factors in petitioner's favor are that he is knowledgeable about eucalyptus growing and has made a thoughtful investigation of the possibilities of economic demand for his product. He intends to farm the property rather than to hold it for capital appreciation. He is not engaging in farming as recreation. The essential fact which convinced us that petitioner lacked the requisite profit objective is that he was unable to explain how a profit was even a logical possibility at the present very limited scale of his operation. Petitioner deducted expenses *166 of $ 4,306 from his farming activity. He planted only 60 trees in 1988; those died back due to extremely cold weather, and petitioner did not replant or expand his operation. Petitioner brought forth no evidence of a business plan or realistic profit projection, and we are unable to conceive of the possibility of his making a profit at this level of activity. Included in the information on eucalyptus growing which petitioner offered and which was received into evidence are figures showing expected yields. Petitioner expressed skepticism about some of these figures, stating that he felt the trees would be ready for harvest in 10 years rather than the 4 to 5 years stated in the literature. This literature contains income projections based on the assumptions that approximately 12 mature trees should yield one cord of wood and that the price of a cord of wood in 5 years would be $ 225. On these assumptions, petitioner could have expected his trees to yield 5 cords of wood and income from sales of firewood of $ 1,125. Sales of treetops to a power plant would have supplemented this income to some extent, and in 10 years the price of firewood would probably have been higher. It is *167 clear, however, that petitioner could not have seriously contemplated making a profit from his farm while conducting his activity on this scale. Petitioner presented no evidence that he had taken steps necessary to ensure future success for the operation. Compare Cole v. Commissioner, T.C. Memo. 1992-51. Included also in petitioner's information on commercial growing of eucalyptus is the following paragraph, in answer to the question: "How far apart should the trees be planted?" The biggest mistake that the uninformed grower makes when planting Eucalyptus Camaldulensis is planting them too far apart. When planted far apart the trees develop too much side growth and branching, which is useless for firewood production (the tree wastes energy). The trees should be planted three feet apart on rows that are five feet apart. Each tree should have approximately fifteen square feet of growing area. On an acre of land you should be able to plant approximately three thousand trees.
We cite this material not to suggest what petitioner could or should have done with his land, but as an indication of the intensity of land use which is recommended *168 by the Eucalyptus Improvement Association. From this we conclude that petitioner was not attempting to cultivate eucalyptus on a commercial scale during the period relevant here. Under the facts before us, he has not established that he was conducting a business with a profit objective. We give other factors less weight, but they also call into question the existence of a profit objective at the level of activity which petitioner described. Petitioner worked hard on his farm but was able to devote limited time to it because he had a full-time job. Petitioner's trees all died back, but he did not replant, due to personal problems. The facts suggest that petitioner may have been in a start-up phase on his farm; he was experimenting to determine which types of eucalyptus would grow on his property and improving the soil by tilling and allowing it to lie fallow, but he was unable to give his farming activity the highest priority in the year in question and for 2 subsequent years. These facts indicate that the farm was in a preoperational phase. During 1988, petitioner was not operating his business with a view to making a profit at the level of activity which he described. For *169 the reasons stated above, we hold that petitioner is not entitled to claim deductions for his farm losses for 1988. Respondent determined that petitioner is liable for an addition to tax under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find, under the circumstances of this case, that petitioner was not negligent, but that he made a good faith error in his interpretation of the facts and law. Petitioner failed to understand the distinction between his expenses and expenses of a going concern which are incurred with the requisite profit objective and are currently deductible. Decision will be entered under Rule 155.