**James E. and Barbara WITTSTRUCK, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 80–1449.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1981.

Decided April 8, 1981.

Rehearing and Rehearing En Banc Denied May 5, 1981.

---

Duane L. Nelson, Lincoln, Neb., for appellants.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Kristina E. Harrigan, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before BRIGHT, ROSS, and McMILLIAN, Circuit Judges.

PER CURIAM.

Taxpayers, James and Barbara Wittstruck, appeal from a ruling of the tax court sustaining the Commissioner's determination of income tax deficiencies of $475 and $451 in their joint returns for 1974 and 1975. The tax court held that taxpayers were not entitled to deductions for expenses associated with a mobile home, except for interest and taxes, because they had not demonstrated that they owned the mobile home with the good-faith intention of making a profit. See I.R.C. § 183(a). On appeal taxpayers do not dispute the legal test applied by the tax court, but attack as erroneous its finding that taxpayers lacked the requisite bona fide expectation of profit during the 1974 and 1975 tax years.

The tax court set forth the following standards for determining whether taxpayers engaged in an activity for profit:

Treasury Regulation sec. 1.183–2(b)(1)–(9) sets forth nine separate factors which should be examined to determine whether an activity was or was not engaged in for profit. These enumerated factors are neither exclusive nor necessarily controlling in each case and "all the facts and circumstances with respect to the activity are to be taken into account." Sec. 1.183–2(b), Income Tax Regs. The nine enumerated factors are more relevant to farming and hobbies than rental property and are not very helpful in this case. See *Jasionowski v. Commissioner* [Dec. 33,-828], 66 T.C. 312, 321 n. 6 (1974). The test under section 183 is not whether the taxpayer's intention and expectation of profit is reasonable but rather whether such intention and expectation is bona fide. Sec. 1.183–2(a), Income Tax Regs. [*James E. and Barbara Wittstruck v. Commissioner*, 39 T.C.M. (CCH) 1168, 1169 (1980).]

Although James Wittstruck testified that he purchased the mobile home in 1970 with the intent of renting it for a profit, the tax court examined the facts and circumstances surrounding taxpayers' purchase, use, and rental of the mobile home and observed that even under the most favorable conditions, the property could not provide taxpayers with a source of profit. The tax court concluded, therefore, that taxpayers' ownership of the mobile home in 1974 and 1975 amounted to "an activity not engaged in for profit." 39 T.C.M. (CCH) at 1170.

On appeal, taxpayers argue that the tax court erred in determining their income potential from rental of the mobile home by limiting maximum receipts to a net of $7.00 per day for a 184-day season, or $1,288.00, based on the rental rate for couples. Taxpayers assert their income potential amounted to $8.40 per day for 184 days, or $1,545.60, based on the assumption that the mobile home would be rented to a family of four. Taxpayers also stress their apparent profit from rental of the mobile home in 1978 as evidence of their profit-making motive in 1974 and 1975.

The tax court's findings, however, cannot be characterized as clearly erroneous. The tax court adopted the couple-rate as the likely maximum rental rate. The actual maximum rate is largely irrelevant because taxpayers' actual receipts, as balanced against their expenses, demonstrated a substantial loss in each year from date of purchase of the home to 1974, the first tax year in question. Moreover, any apparent profit in later years rests upon no allowance for depreciation.

Accordingly, we affirm on the basis of the reasoned opinion of the tax court.