MAURICE C. DREICER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5407–76.     Filed April 19, 1982.

*Jerome Kamerman* and *Steven Kamerman,* for the petitioner.

*Paulette Segal,* for the respondent.

OPINION

SIMPSON, *Judge*: In *Dreicer v. Commissioner,* T.C. Memo. 1979–395 (39 T.C.M. 233, 48 P-H Memo T.C. par. 79,395), we sustained the Commissioner's determination that, based on all of the facts and circumstances of that case, Mr. Dreicer's activities as a writer and lecturer were not engaged in for

profit within the meaning of section 183, Internal Revenue Code of 1954.[1] Mr. Dreicer appealed such decision to the Court of Appeals for the District of Columbia Circuit. That court, although it sustained our factual findings, reversed such decision on the ground that we had applied an erroneous legal standard in determining whether Mr. Dreicer's activities were engaged in for profit and remanded the case to us to reconsider our decision in light of what it determined was the correct legal standard under section 183. *Dreicer v. Commissioner*, 665 F.2d 1292 (D.C. Cir. 1981).

Section 183(a) provides the general rule that if an individual engages in an activity, and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(b)(1) provides that deductions which would be allowable without regard to whether the activity is engaged in for profit shall be allowed, and section 183(b)(2) provides that deductions which would be allowable only if the activity is engaged in for profit shall be allowed, but only to the extent that the gross income from the activity exceeds the deductions otherwise allowable under section 183(b)(1). Section 183(c) defines an activity not engaged in for profit as:

SEC. 183(c). ACTIVITY NOT ENGAGED IN FOR PROFIT DEFINED.—For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212.

In our prior opinion, we stated that the standard for determining whether an individual is carrying on a trade or business so that his expenses are deductible under section 162 is:

*whether the individual's primary purpose and intention in engaging in the activity is to make a profit. * * * The taxpayer's expectation of profit need not be a reasonable one; it is sufficient if the taxpayer has a bona fide expectation of realizing a profit, regardless of the reasonableness of such expectation. * * * The issue of whether a taxpayer engages in an activity with the requisite intention of making a profit is one of fact to be resolved on* the basis of all the surrounding facts and circumstances of the case * * *

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect during 1972 and 1973.

and the burden of proving *the requisite intention* is on the petitioner * * * [39 T.C.M. at 236; 48 P-H Memo T.C. at 1538; emphasis added.]

We then proceeded to apply such standard to the facts and circumstances of that case, using the relevant factors outlined in section 1.183–2(b), Income Tax Regs. Such factors, which are derived principally from prior case law (see *Benz v. Commissioner*, 63 T.C. 375, 382–383 (1974)), include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. Based on such analysis, we concluded that Mr. Dreicer's activities were not engaged in for profit within the meaning of section 183 "since he did not have a bona fide expectation of profit." 39 T.C.M. at 240; 48 P-H Memo T.C. at 1542.

On appeal, Mr. Dreicer argued that we had applied an incorrect legal standard, in that we predicated our decision on his profit expectation rather than his profit objective. 665 F.2d at 1297. The Court of Appeals examined the legislative history of section 183 and determined that the proper standard was whether the taxpayer engaged in the activity with the objective of making a profit, not whether he had a reasonable expectation of making a profit. 665 F.2d at 1298–1299. The proper standard was expressed by that court as "when profit is actually and honestly his objective though the prospect of achieving it may seem dim." 665 F.2d at 1294. The Court of Appeals found that rather than focusing our analysis on whether Mr. Dreicer had an objective of making a profit, we focused on whether he had "a bona fide expectation of profit." The court apparently feared that we were equating *a bona fide expectation of profit* with *a reasonable expectation of profit.* 665 F.2d at 1299. Thus, it held that we had applied an erroneous legal standard in determining whether Mr. Dreicer's activities were engaged in for profit.

The purpose of the standard adopted by the Court of Appeals

is to allow deductions where the evidence indicates that the activity is actually engaged in for profit even though it might be argued that there is not a reasonable expectation of profit. See S. Rept. 91–552 (1969), 1969–3 C.B. 423, 489–490. We are in total agreement with the Court of Appeals that this is the proper legal standard under section 183. However, a taxpayer's declaration of his motive to make a profit is not controlling. His motive is the ultimate question; yet, it must be determined by a careful analysis of all the surrounding objective facts, and greater weight is given to such facts than to his mere statement of intent. Sec. 1.183–2(a) and (b), Income Tax Regs. Thus, although a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer entered into the activity, or continued the activity, with the actual and honest objective of making a profit. 665 F.2d at 1294. See sec. 1.183–2(a), Income Tax Regs.

Although the courts sometimes use different language to describe the test, the courts have universally sought to ascertain the taxpayer's true intent. For example, in *Blake v. Commissioner*, T. C. Memo. 1981–579, we used the terms "bona fide expectation of realizing a profit" (slip opinion at 30, 31–32), "profit motive or objective" (slip opinion at 31), "view toward realization of a profit" (slip opinion at 30), and "profit oriented venture" (slip opinion at 32, 37) to refer to the same thought, namely, an *objective* of making a profit.[2] It was in this sense that we used the term "bona fide expectation of profit" in our prior opinion, and we intended that such language have the same meaning as an actual and honest profit objective. Nevertheless, in view of the difficulties generated by our use of such language, which resulted in the remand by the Court of Appeals, we have undertaken to reexamine the record with a view to determining whether the required actual and honest profit objective was present in this case.

Mr. Dreicer would have us find that he was like the wildcat driller or the inventor (see sec. 1.183–2(c), examples (5) and (6),

---

[2]See also *Wittstruck v. Commissioner*, 645 F.2d 618 (8th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court; *Brannen v. Commissioner*, 78 T.C. 471, 506 n. 15 (1982); *Engdahl v. Commissioner*, 72 T.C. 659, 666 (1979); *Dunn v. Commissioner*, 70 T.C. 715, 719–720 (1978); *Churchman v. Commissioner*, 68 T.C. 696, 701 (1977); *Jasionowski v. Commissioner*, 66 T.C. 312, 321 (1976); *Benz v. Commissioner*, 63 T.C. 375, 383 (1974); *Bessenyey v. Commissioner*, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967).

Income Tax Regs.), continuing his endeavors in the face of adverse results in the hope of one day reaping a large profit. However, such statement of intent is not supported by the objective facts of this case. For many years, he sustained large losses; there was no realistic possibility that he could ever earn sufficient income from his activity to offset such losses (sec. 1.183–2(b)(6) and (7), Income Tax Regs.; *Wiles v. United States*, 312 F.2d 574, 576 (10th Cir. 1962); *Bessenyey v. Commissioner*, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967)); he was able to continue to bear such losses only because of his large resources (sec. 1.183–2(b)(8), Income Tax Regs.; *Bessenyey v. Commissioner*, 45 T.C. at 275); a review of the entire record fails to convince us that Mr. Dreicer conducted his activities in a businesslike manner calculated to earn a profit (sec. 1.183–2(b)(1), (2), (5), and (6), Income Tax Regs.; *Bessenyey v. Commissioner*, 45 T.C. at 274). Rather, there is a strong indication that he enjoyed his life of travel. Sec. 1.183–2(b)(8) and (9), Income Tax Regs.; *Carter v. Commissioner*, 645 F.2d 784 (9th Cir. 1981), affg. a Memorandum Opinion of this Court. In conclusion, we find and hold that Mr. Dreicer failed to meet his burden of proving that in carrying on his activity as a writer and lecturer, he had an actual and honest objective of making a profit.

*Our prior decision will be reentered.*