SHIMON ZUCKERMAN AND SARAH G. ZUCKERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SHIMON ZUCKERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zuckerman v. Commissioner
Docket Nos. 5464-82, 5465-82.
United States Tax Court
T.C. Memo 1984-192; 1984 Tax Ct. Memo LEXIS 481; 47 T.C.M. (CCH) 1524; T.C.M. (RIA) 84192; April 17, 1984. Patrick J. Wack, for the petitioners. Steven M. Walk, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $3,032.00 in petitioners' joint 1977 Federal income tax, and deficiencies of $1,481.00 and $2,164.00 in petitioner Shimon Zuckerman's respective 1978 and 1979 individual Federal income taxes. After concessions, the sole issue for determination is whether petitioners are entitled to deductions for farm losses under section 183. [1]
Some of the facts have been stipulated *482 and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Shimon Zuckerman and Sarah G. Zuckerman resided in Youngstown, Ohio, when they filed their joint Federal 1977 income tax return, and when they filed their petition in the case designated Docket No. 5464-82. [2] Petitioner Shimon Zuckerman resided in Youngstown, Ohio, when he filed his individual 1978 and 1979 income tax returns, and when he filed his petition in the case designated Docket No. 5465-82. [3] Petitioners were divorced in 1978. Petitioner is a full-time practicing orthopedic surgeon. He received income from his medical practice for the years 1977, 1978, and 1979 in the amount of $133,200.00, $144,000.00, and $246,000.00, respectively. In 1975, petitioner purchased a one-third interest in *483 a parcel of property near Fowler, Ohio, which is comprised of approximately 150 acres. [4] Petitioner purchased the property with, and on the advice of, two other doctors. During 1976, petitioner purchased the remaining two-thirds interest in the Fowler Property. Petitioner did not have any experience or expertise in crop farming or the operation of a cattle breeding farm. Prior to 1981, approximately 43 acres of the Fowler Property were tillable. During 1981, approximately 10 additional acres were cleared and are now tillable. In 1976, a tractor and other equipment were stolen from a barn located on the Fowler Property. A crop of corn, producing $2,018.00 in income, and a crop of hay, producing $750.00 in income, were planted on the Fowler Property in 1975 and 1976, respectively. During the years 1977, 1978, and 1979, no crops of any variety were planted on the Fowler Property. A crop of corn planted on the property was sold in 1981. There are no recreational facilities on the Fowler Property. During the years 1977, 1978, and 1979, a total of $1,532.00, $1,100.00 of which represents an insurance refund, *484 was reported as income earned from activities on the Fowler Property. During those years, a total of $32,991.00 in expenses was reported by petitioner as incurred in the operation of the Fowler Property. Petitioner reported losses from the operation of the Fowler Property for the years 1977, 1978, and 1979, in the following amounts: $10,192.00, $7,918.00, and $13,349.00, respectively. In July 1977, petitioner was in a serious automobile accident and was hospitalized until November 1977. On December 15, 1978, petitioner purchased five heifers and a one-half interest in a bull from another doctor. These cattle have never been kept on the Fowler Property. Petitioner engaged the services of a livestock consultant for the purposes of making recommendations on the breeding and management of cattle on the Fowler Property in the spring of 1979. In July of 1979, 20,000 trees were planted on the Fowler Property. Petitioner engaged the services of a forestry consultant in 1981. Except for the time he was in the hospital, petitioner visited the Fowler Property at least once or twice a month. The records on the Fowler Property were kept by Sarah G. Zuckerman. During the years 1977, *485 1978, and 1979, petitioner spent up to eleven hours a day, five or six days a week, engaged in the practice of medicine. Respondent contends that petitioner's activities with respect to the farm were activities "not engaged in for profit" within the meaning of section 183(a). Section 183(a) provides that if an individual's activities are "not engaged in for profit" only those deductions allowable regardless of a profit objective (such as interest and taxes) may be taken. If, however, the individual realizes gross income from the conduct of the activity, he may offset that income by his otherwise nondeductible expenses after first reducing the income by the deductions allowed irrespective of a profit objective. The test for determining whether the deductions are allowable is whether the taxpayer entertained actual and honest profit objective in engaging in the activity generating the expenses claimed as deductions. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner,78 T.C. 642 (1982), affd. in an unpublished opinion, 702 F.2d 1205 (D.C. Cir. 1983). While the taxpayer's expectation of profit need not be reasonable, there must be a good faith *486 objective of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979). The determination of whether the requisite profit objective exists is to be resolved on the basis of all the facts and circumstances. Dunn v. Commissioner,70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). The burden of proof is on petitioner, Golanty v. Commissioner,72 T.C. 411 (1979), affd. in an unpublished opinion 647 F.2d 170 (9th Cir. 1981), with greater weight given to objective facts than to petitioner's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Engdahl v. Commissioner,72 T.C. 659, 666 (1979). The regulations provide a list of factors relevant in determining whether a taxpayer has the requisite profit objective. No one factor is conclusive, and we do not reach our decision herein by merely counting the factors that support each party's position. Sec. 1.183-2(b), Income Tax Regs.; Dunn v. Commissioner,supra at 720. Certain factors are given more weight than others because they are more meaningfully applied to the evidence in this case. The factors set *487 forth in section 1.183-2(b), Income Tax Regs., are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, that is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. Some of these elements, such as the lack of recreational facilities on the property, are apparent from the facts in this case and require no further discussion. Petitioner did not carry on his farming activities in a business like manner. His wife kept the books and records, none of which were provided at trial. Petitioner had no farming experience or expertise and did not seek any expert or other appropriate advice before purchasing the Fowler Property. Petitioner had no knowledge of how long it had been prior to his purchase of the *488 Fowler Property that the land actually was used for farming. No farm consultant was ever engaged by petitioner for the purpose of making recommendations on the cultivation of crops on the Fowler Property. Petitioner did not employ a full-time manager for the farm. Petitioner only received expert advice on livestock and forestry after owning the Fowler Property for several years. These experts gave petitioner recommendations that only recently are beginning to be implemented. Petitioner's cattle have never been moved to the farm. Petitioner was actively engaged in the practice of medicine and, by his own testimony, had little time to spend on the Fowler Property. Petitioner argued that the Fowler Property land had appreciated but presented no evidence on this point other than self-serving testimony. None of petitioner's experts were qualified as farmland appraisers. We therefore find no convincing evidence of appreciation in value. [5]
*489 No evidence was presented with regard to any farming or other similar activities conducted by the petitioner or the existence of any occasional profits from the operations of the Fowler Property. Petitioner failed to produce any concrete evidence concerning projected future earnings. The record clearly shows the income from the Fowler Property was minimal. Additionally, the tax returns filed by petitioner show that substantial income was received from petitioner's medical practice. Petitioner garnered thousands of dollars in tax savings from the continuous losses generated by the activities on the Fowler Property. The most characteristic features of a hobby farm are apparent here: a combination of large losses over a number of years, substantial income from other sources, and tax benefits. [6]
Viewing objectively all of the evidence in this case, we hold that under section 183 petitioner was not engaged in an activity for profit on the Fowler Property during 1977, 1978, and 1979. We have considered petitioner's other arguments and find them unpersuasive. The manner in which petitioner operated the *490 property is not indicative of a bona fide objective to make a profit. Evaluating the record in a light most favorable to petitioner, it is clear that petitioner's activities at best, were directed to preparation of the Fowler Property for possible use in some future activity in which profit might be the objective. To reflect the foregoing, Decision will be entered for respondent for Docket No. 5464-82.
Decision will be entered under Rule 155 for Docket No. 5465-82.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. Petitioner Sarah G. Zuckerman is a party to this action only by virtue of having filed a joint return in 1977 with her husband, petitioner Shimon Zuckerman. Therefore, "petitioner" in the singular form hereinafter refers to petitioner Shimon Zuckerman. ↩
3. Docket Nos. 5464-82 and 5465-82 were consolidated for trial, briefing and opinion.↩
4. The property hereinafter is referred to as the Fowler Property.↩
5. See Hambleton v. Commissioner,T.C. Memo. 1982-234, discussing the requirements for holding farmland for appreciation. See also Keelty v. Commissioner,T.C. Memo. 1984-173; Boddy v. Commissioner,T.C. Memo. 1984-156↩.
6. See LaMusga v. Commissioner,T.C. Memo. 1982-742↩.