KENNETH RALPH BARGER AND EVELYNE LUCILLE BARGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barger v. Commissioner
Docket No. 1375-89
United States Tax Court
T.C. Memo 1990-238; 1990 Tax Ct. Memo LEXIS 245; 59 T.C.M. (CCH) 584; T.C.M. (RIA) 90238; May 16, 1990, Filed Kenneth Ralph Barger, pro se. Richard V. Vermazen, for the respondent. DINAN, Judge. DINAN
*821 MEMORANDUM *246 FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rules 180, 181 and 182. [1]
Respondent determined a deficiency of $ 1,154.00 in petitioners' Federal income tax for the taxable year 1985. Respondent having conceded that petitioners are entitled to a Schedule M deduction for a married couple when both work, the only issue for decision is whether a loss petitioners realized on the foreclosure of rental property they owned is a deductible business loss or nondeductible personal loss under section 165(c). Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioners resided in Cedar *247 Rapids, Iowa, at the time they filed their petition herein. FINDINGS OF FACT In 1983, petitioner Kenneth Barger (hereinafter petitioner) sought to help his son and his family find living accommodations nearer to his son's place of employment. His son worked as a truck driver for a trucking company in Council Bluffs, Iowa, but lived in Cedar Rapids, Iowa. Cedar Rapids is 249 miles from Council Bluffs. Petitioner located a house in Griswold, Iowa, which is only 40 miles from Council Bluffs. Petitioner purchased the house in October, 1983. The purchase price was $ 27,000. He financed the purchase price with a mortgage of $ 17,000 from the Griswold State Bank, a loan from his credit union of $ 8,000, and $ 2,000 of his own money. The monthly mortgage payment on the house was $ 208.00. Petitioner's son and his family moved into the rental house towards the end of 1983. Petitioner charged his son $ 210.00 per month in rent. The son paid the rent directly to the bank. Petitioner paid off the credit union loan with his own funds. Petitioner also paid the insurance on the property and the property taxes. Petitioner's son separated from his wife in September, 1984. The son *248 moved out of the house but the wife continued to live there. Prior to the time of the separation the son had paid the rent every month. However, after he moved out of the house neither he nor his wife paid the rent. August 1984 was the last month in which rent was paid. Petitioner himself did not make the mortgage payments for those months that his son or daughter-in-law did not pay rent. In February 1985, the mortgagee moved to foreclose on the property. Petitioner tried to avoid foreclosure by getting another loan from *822 another bank to pay off the mortgagee. He was unsuccessful. At the time petitioner was under considerable stress. Because he had run out of options petitioner decided not to contest the foreclosure. The principal amount of the debt outstanding at the time he executed the quit claim deed was $ 16,831.49. Because the forced sales price was less than petitioner's basis in the property, petitioner incurred a loss. On his return for the taxable year 1985, petitioner reported the forced sale as follows. A gross sales price of $ 16,831.49, depreciation of $ 2,708.35 and a cost of $ 27,410.45 resulting in a loss of $ 7,870.61. Petitioner later filed *249 an amended return on which he reported the sales price as $ 14,000 which resulted in a loss of $ 10,702. OPINION Respondent, in his statutory notice of deficiency, determined that petitioner did not hold the property with a profit objective and accordingly disallowed the loss. The determination of respondent is presumed to be correct. Petitioners bear the burden of proving that respondent erred in his determination. Rule 142(a). Section 165(a) allows as a deduction any loss sustained by the taxpayer during the taxable year not compensated for by insurance or otherwise. However, section 165(c) limits deductions for losses of individuals to those incurred in a trade or business, incurred in a transaction for profit, or as a result of a casualty or theft. The standard used to determine if the loss was incurred in a trade or business or in a transaction entered into for profit is whether the taxpayer had an "actual and honest objective of making a profit." Horn v. Commissioner, 90 T.C. 908, 932-933 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). While a reasonable *250 expectation of profit is not required, the taxpayer's profit objective must be bona fide. Allen v. Commissioner, 72 T.C. 28, 33 (1979). Whether petitioner had an actual and honest profit objective is a question of fact to be resolved from all the relevant facts and circumstances. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. in an unpublished opinion 647 F.2d 170 (9th Cir. 1981). Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of relevant factors, which is a synthesis of prior case law, to be considered in determining whether an activity is engaged in for profit. Benz v. Commissioner, 63 T.C. 375, 382-383 (1974). These factors include: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; *251 (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. No single factor is controlling, but rather it is an evaluation of all the facts and circumstances in the case, taken as a whole, which is determinative. Section 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner, 86 T.C. 360, 371 (1986). Petitioner argues that he thought that the property would appreciate in value and that if he could have paid the expenses he would have earned a profit in the long run. However, he offered no evidence that the property would ever appreciate substantially in value. Furthermore, given the rent he charged his son, he could never break even on the expenses associated with owning the property. The rent his son paid was enough to cover the mortgage payment. However, the remaining out of pocket expenses were paid by petitioner. These included paying off the credit union loan and paying the insurance and real estate taxes. There was also a depreciation expense on the property. Given these facts one might wonder why petitioner *252 purchased the property. Certainly it appears that he could never earn a profit on it. The answer to this question is clear. Petitioner's purchase was purely altruistic; he purchased the property to provide for a home for his son and his family. While it is unfortunate that petitioner's good deed turned into a financial debacle, we hold that he may not deduct the loss under section 165(a) because he did not have the requisite profit objective. Because of a concession by respondent, Decision will be entered under Rule 155. Footnotes
1. All subsequent section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩