CHARLES D. KELLER AND KATHLEEN S. KELLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keller v. Commissioner
Docket No. 9229-92
United States Tax Court
T.C. Memo 1993-415; 1993 Tax Ct. Memo LEXIS 426; 66 T.C.M. (CCH) 682; September 9, 1993, Filed *426 Decision will be entered for respondent. For petitioners: Gino Pulito. For respondent: John E. Budde. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income taxes for the years 1987, 1988, and 1989 in the respective amounts of $ 2,188, $ 3,525, and $ 2,092. The issue is whether the Schedule F activity engaged in by petitioners during the years 1987, 1988, and 1989 was an activity engaged in for profit as required by section 183. Some of the facts were stipulated and they are so found. Petitioners were residents of Grafton, Ohio, at the time the petition herein was filed. Petitioner Charles D. Keller acquired farm property consisting of some 3 acres in 1978. Petitioner resides on the property. He was married in 1988. Petitioner was employed full-time at a Ford Motor Company assembly plant from 1976 through 1979. He was not employed full-time *427 at the Ford plant from 1980 to about February or March 1987, at which time he was again employed full-time at the Ford plant through 1989. In or about 1979 petitioner began to raise goats on his farm. He started with five goats and by the year 1987 he had between 30 and 40 goats. At some point petitioner acquired some cattle which he eventually sold in 1988. Petitioner also sold goats and goat milk during the years in issue. He also testified that "we've gotten into dogs the last couple of years". Petitioner claimed losses from his Schedule F activity in 1987, 1988, and 1989 in the respective amounts of $ 16,104, $ 23,456, and $ 13,965 which were disallowed by respondent. Respondent contends that petitioner's Schedule F activity (predominantly goat raising) was not engaged in for profit within the meaning of section 183(a) in the years 1987, 1988, and 1989. Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as otherwise provided in section 183(b). In determining whether an activity is one engaged in for profit, petitioner must prove an "actual and honest objective of making a profit". *428 Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). The regulations set forth a nonexclusive list of factors for consideration when making a profit objective determination. They are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on the activity; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayers; and (9) elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. No single factor, nor the existence of a majority of the factors, is controlling; rather "The facts and circumstances of the case in issue remain the primary test." Abramson v. Commissioner, 86 T.C. 360, 371 (1986). Greater weight is to be given to the objective *429 facts than to the taxpayer's mere statement of intent. Beck v. Commissioner, 85 T.C. 557, 570 (1985); sec. 1.183-2(a), Income Tax Regs.
After consideration of all the facts and circumstances we conclude that petitioner did not engage in his Schedule F activity with the requisite profit objective. It does not appear that the activity was carried on in a businesslike manner. Petitioner did not keep adequate books and records of his activity. Nor did petitioner maintain a separate bank account for his Schedule F activity. There is no persuasive evidence that petitioner made any serious effort to make informed business judgments as to the economic feasibility of the activity. The record suggests that petitioner conducted his Schedule F activity in a casual manner. From February or March 1987 through the year 1989, petitioner was employed full time at a Ford Motor Company Assembly plant, thereby appreciably reducing the time available for his farm activity. Petitioner claimed an unbroken string of net losses from his Schedule F activity over the years 1979 through 1986. In the years 1987, 1988, and 1989 petitioner reported gross income in the respective *430 amounts of $ 826, $ 2,405, and $ 450, and continued to claim net losses from his activity in the respective amounts of $ 16,104, $ 23,456, and $ 13,965. The income during these 3 years resulted from sales of goats and goat milk and from the sales of his cattle (which petitioner apparently finally disposed of in 1988). In all, petitioner claimed net losses over the years 1979 through 1989 in the total amount of $ 149,585. A record of losses over the years and the unlikelihood of achieving a profitable operation are important factors bearing upon a taxpayer's true objective. See Jasionowski v. Commissioner, 66 T.C. 312, 322 (1976). The ultimate goal of an activity engaged in for profit must be to realize a net profit so as to recoup losses previously sustained. Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967). Here, the steady progression of continued losses with little demonstrable prospect for profit is persuasive evidence of a lack of a requisite profit objective. See Golanty v. Commissioner, 72 T.C. 411, 432 (1979), *431 affd. without published opinion 647 F.2d 170 (9th Cir. 1981). We have considered the tax returns for 1990 and 1991, which were filed by petitioner after the Internal Revenue Service commenced the examination of the years here involved. Such returns exhibit a sudden and dramatic turn-around of the Schedule F activity with gross income reported in 1990 and 1991 in the respective amounts of $ 11,044 and $ 9,100 and net income in the respective amounts of $ 518 and $ 414. We note that in 1989 petitioner reported gross income of $ 450 and a net loss of $ 13,965. Without further enlightenment, we are unable to gauge the probative significance of this opportune economic about-face. Under the circumstances, we do not regard the 1990 and 1991 returns as persuasive evidence of the requisite profit objective for the years before us. After a consideration of the entire record, we find that petitioner did not engage in his Schedule F activity during the period involved with an actual and honest objective of making a profit. Respondent must, therefore, be sustained. Decision will be entered for respondent.