PHILIP PAUL BASSETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bassett v. Commissioner
Docket No. 16501-92
United States Tax Court
T.C. Memo 1993-481; 1993 Tax Ct. Memo LEXIS 492; 66 T.C.M. (CCH) 1063; October 19, 1993, Filed *492 Decision will be entered for respondent. Philip Paul Bassett, pro se. For respondent: Paul Colleran. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the year 1989 in the amount of $ 8,063 and also determined that petitioner was liable for the accuracy-related penalty under section 6662(a) in the amount of $ 1,613. The issues are whether the Schedule C activity engaged in by petitioner in 1989 was an activity engaged in for profit as required by section 183, and whether petitioner is liable for the accuracy-related penalty. Some of the facts were stipulated and they are so found. Petitioner was a resident of Nashua, New Hampshire, at the time the petition herein was filed. During the year 1989, petitioner was employed by the Hadco Corporation (Hadco) in Salem, New Hampshire. He testified that his work at Hadco was in the "programming *493 area". He received wages from the Hadco Corporation in 1989 in the total amount of $ 46,788.45. Petitioner claimed a Schedule C loss deduction in the amount of $ 28,876.59 on his 1989 tax return in connection with an activity described as developing and selling waste control products and services. Respondent disallowed petitioner's loss on the ground that petitioner's waste control activity was not engaged in for profit. The prerequisite for deductibility of expenses under section 162 and section 212 is that the activity involved be engaged in with the predominant purpose and intention of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979). Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as otherwise provided in section 183(b). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraphs (1) and (2) of section 212". In determining whether an activity is one engaged in for profit, petitioner must prove an "actual *494 and honest objective of making a profit". Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors for consideration when making a profit objective determination. No single factor, nor the existence of a majority of the factors, is controlling; rather, the facts and circumstances of the case at issue remain the primary test. Abramson v. Commissioner, 86 T.C. 360, 371 (1986). Greater weight is to be given to the objective facts than to the taxpayer's mere statement of intent. Beck v. Commissioner, 85 T.C. 557, 570 (1985); sec. 1.183-2(a), Income Tax Regs.
We have considered all the facts and circumstances and we must conclude that petitioner has failed to establish even remotely that his waste technology activities were undertaken with an actual and honest profit objective. Petitioner purportedly conceived a resource renewal plan that envisages processes that eventually would be able to recycle virtually every waste that exists *495 and to eventually reverse the "wasteful and anemic plans" scattered throughout this country and the world. As far as the record shows, these processes were merely proposals that remained largely conceptual in nature. Petitioner's efforts in 1989 to interest local authorities in his proposed resource renewal plans were not successful. Petitioner's gross income from his waste technology in 1989 was $ 30.50, with a net loss of $ 28,876.59. In 1990, he reported zero gross income and a net loss of $ 28,507.02. The Schedule C on his 1991 tax return indicates that by then he had turned to the development and marketing of a new product called Earth Kit which, as he testified, "didn't make it either". Finally, we believe it is significant in evaluating the viability of petitioner's activity in 1989 that over a period of some 8 years (1982-1989) petitioner reported an unbroken string of losses of over $ 190,000 from his various extracurricular activities. We conclude that petitioner's waste technology activity was not undertaken with an actual and honest profit objective. Accordingly, respondent's determination is sustained. Respondent determined that petitioner was liable for the *496 accuracy-related penalty under section 6662(a) attributable to a substantial understatement of income tax. See sec. 6662(b)(2). Petitioner has the burden of proof. Rule 142(a). It is evident that the understatement of tax for 1989 was substantial within the definition of the Code. See sec. 6662(d)(1)(A). Petitioner made no argument with respect to the accuracy-related penalty under section 6662(a). Petitioner has therefore failed to meet this burden of proof with respect to this issue. In light of the foregoing, respondent is sustained. Decision will be entered for respondent.