T.C. Memo. 1995-574

UNITED STATES TAX COURT

BERNARD MICHAEL REED, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23518-93.                    Filed December 4, 1995.

Bernard Michael Reed, pro se.

Paul L. Dixon, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182.[1]  Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $1,504, and an accuracy-related penalty pursuant to section 6662(b)(1) in the amount of $300.80.

The issues for decision are:  (1) Whether petitioner's real estate and water purifier activities were engaged in for profit

_____

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1991, and all Rule references are to the Tax Court Rules of Practice and Procedure.

within the meaning of section 183, and, if so, whether petitioner can substantiate claimed business expenses; and (2) whether petitioner is liable for an accuracy-related penalty.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Stateline, Nevada, at the time the petition was filed in this case.

During the past 20 years, petitioner purports to have been an accountant, a principal in an architectural firm, a real estate investor, a taxi driver, a bank auditor, and a salesperson of water purifiers. During 1991, petitioner drove a taxi for Whittlesea Cabs, ran a water purifier franchise, and operated a real estate investment firm under the name of NSA. Petitioner conducted both the water purifier business and NSA from his one-bedroom apartment at the Desert Club in Nevada.

Petitioner's water purifier franchise was based on a "pyramid" incentive system, whereby participants earn income through direct sales and through the recruitment of additional franchisors. The primary objective is to recruit additional salespersons, with the sale of individual units used as one method of recruitment. Petitioner was unable to sell any of the water purifiers and, after giving several away, disposed of several units at a garage sale held in November 1991. He did not include the aggregate proceeds from the garage sale ($30-$40) in his gross income for the taxable year at issue.

In 1990, petitioner formed NSA, and, according to his testimony, began looking for real estate investments. In 1991, petitioner passed his real estate agent examination and associated NSA with Marilyn Taylor, a real estate broker. Petitioner did not invest in, sell, or renovate any real estate during 1991. On November 8, 1991, while on disability leave from Whittlesea Cabs and receiving worker's compensation, petitioner traveled to Alaska for the purported purpose of investing in real estate.

From November 12 until November 19, 1991, petitioner stayed at the Best Western Hotel in Juneau, Alaska. On November 26, petitioner entered into a 6-month lease with Patrick Macksey as co-tenant for a three-bedroom house at a monthly rent of $1,100. Under the terms of the lease, petitioner agreed not to paint, paper, or otherwise redecorate or make alterations to the premises without prior written consent of the owner. The initial payment, including security deposit and first month's rent, was $1,883.33.

Due to a lack of available treatment for his ongoing medical problems, petitioner departed Alaska on December 24 and returned to Nevada on or about December 27, 1991. Petitioner did not invest in any real estate or attend any business meetings with bankers or realtors while in Alaska.

On Schedule C attached to his 1991 Federal income tax return, petitioner claimed the following business deductions:

| Expense | Amount Claimed |
|---|---|
| Car and truck | $329 |
| Employee benefit program | 1,413 |
| Insurance | 1,246 |
| Rental of business property | 8,890 |
| Travel | 515 |
| Utilities | 1,899 |
| Bank service charges | 337 |
| Miscellaneous | 1,241 |
| Total | $15,870 |

On a revised Schedule C dated October 17, 1992, petitioner increased his deductions for travel expenses claimed to $5,931.30, and claimed additional expenses for entertainment ($202.94) and meals ($1,014.70). Petitioner reported no income in 1991 other than the wages and tips he earned while driving a taxi-cab for Whittlesea Cabs.

Respondent determined that petitioner's business activities were not engaged in for profit, and therefore disallowed all of the deductions claimed attributable thereto.[2] Alternatively, respondent determined that petitioner failed to substantiate the deductions and to prove that the expenditures were ordinary and necessary to his businesses. The determinations of respondent are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a).

All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec.

---

[2] Although not addressed in the notice of deficiency, respondent also disputes the additional expenses claimed on petitioner's revised Schedule C.

6001; <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965). Moreover, deductions are strictly a matter of legislative grace, and a taxpayer has the burden of establishing that he or she is entitled to any deduction claimed on a return. <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

Section 162(a) allows as a deduction "all the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business".  Where an individual conducts an activity that is not engaged in for profit, section 183 limits the allowable deductions.  To be engaged in a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit."  <u>Commissioner v. Groetzinger</u>, 480 U.S. 23, 35 (1987).

Whether petitioner engaged in the water purifier or real estate business for profit depends on whether the activity was undertaken with an "actual and honest objective" of making a profit.  <u>Elliott v. Commissioner</u>, 90 T.C. 960, 970 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990); <u>Fuchs v. Commissioner</u>, 83 T.C. 79, 98 (1984); <u>Dreicer v. Commissioner</u>, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).  While a reasonable expectation of a profit is not required, petitioner must have entered into the activity, or

continued it, with the bona fide objective of making a profit, as judged by all the facts and circumstances.  Taube v. Commissioner, 88 T.C. 464, 478-479 (1987); Poast v. Commissioner, T.C. Memo. 1994-399; sec. 1.183-2(a), Income Tax Regs.

The regulations set forth nine non-exclusive factors for consideration in determining whether an activity is engaged in for profit.  Sec. 1.183-2(b), Income Tax Regs.  These factors are:  (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.  Furthermore, if a taxpayer has substantial income from sources other than the activity in question, it may be an indication that the activity is not engaged in for profit, particularly if the losses from the activity generate substantial tax benefits.  Sec. 1.183-2(b)(8), Income Tax Regs.

No single factor is controlling.  Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th

Cir. 1981). The taxpayer's stated intention to make a profit is not determinative; greater weight is given to objective factors rather than the taxpayer's mere statement of intent. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979).

Section 262 precludes a taxpayer from deducting personal, living, or family expenses that are not incurred in the conduct of a trade or business or for the production of income.

Based upon the record in this case, we find that petitioner lacked the requisite profit objective in carrying on his business activities. Petitioner claims to have operated a water purifier franchise, yet he failed to produce any receipts for inventory purchases, advertisement, or related records. He was also unable to sell any of the units; in fact, he testified at trial that he eventually gave units away at no charge.

Petitioner operated NSA in a similarly offhand manner. While he presented a ledger at trial, it failed to differentiate between personal and business expenses. Furthermore, although petitioner substantiated the expense of the real estate agent examination and the payment to the State Industrial Insurance System, he offers no evidence, such as business cards, a telephone listing, a client list, or documentation of previous investments, that he was actively engaged in the real estate business, or that he conducted the activity with a profit motive.

Petitioner contends that the only expenses he deducted were ordinary and necessary to his business activities. However, his

"business expenses" include his annual rent for his one-bedroom apartment at the Desert Club, complete with clubhouse, theatre, and meeting facilities (rental of business property), the entire phone, cable, and utilities bills every month (utilities), the cost of his dental work (employee benefit program), numerous meals at local restaurants (meals and entertainment), auto insurance and maintenance costs on his only vehicle (insurance and car and truck expenses), and the entire cost, including lodging, of his trip to Alaska (travel).

With respect to his trip to Alaska, petitioner claimed that the initial payment on the house in Juneau was an "investment" in a lease with an option to purchase, and he intended to renovate the property for resale. However, the documentation produced by petitioner clearly indicates that the property was to be used solely for residential purposes. The lease included no option to purchase and prohibited any alteration or renovation.

It is well settled that we are not required to accept self-serving testimony in the absence of corroborating evidence. Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992). Based on the foregoing, we conclude that petitioner's activities were not engaged in for profit. Petitioner is not entitled to deduct the Schedule C expenses he claimed for 1991.

The second issue for decision is whether petitioner is liable for a penalty under section 6662(a). This section, in conjunction with subsection (b)(1), imposes an accuracy-related penalty equal to 20 percent of the portion of any underpayment of tax that is due to negligence. Under section 6662(c), negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.

Petitioner failed to maintain regular and consistent records of his activities, attempted to deduct personal items under the guise of "business expenses", failed to substantiate a portion of the deductions claimed, and misrepresented the purpose behind the expenditures at trial. On this record, we conclude that petitioner was negligent within the meaning of section 6662(b)(1) with respect to the entire underpayment of tax and is liable for an accuracy-related penalty under section 6662(a). Respondent is sustained on this issue.

To reflect the foregoing,

Decision will be entered

for respondent.